STATE of Missouri, Respondent,

v.

William H. BRATTON, Appellant.

No. WD 41200.

Missouri Court of Appeals,
Western District.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Sean D. O'Brien, Public Defender, John L. Vohs, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, J., Presiding, and MANFORD and ULRICH, JJ.

ULRICH, Judge.

Appellant, William Bratton, appeals his conviction for attempted burglary in the second degree (§ 564.011, RSMo 1986).[1] Following his conviction by jury trial, Mr. Bratton was sentenced to a term of five years imprisonment. He contends that the trial court erred by permitting the state to amend its information after the instructions were read to the jury, and by overruling his objection to the state's question to him on cross-examination asking whether his testimony at trial was the first time that he had made a statement to explain the presence of his fingerprint at the crime scene. The judgment is affirmed.

1. All statutory references are to Revised Statutes of Missouri 1986 unless otherwise specifically stated.

At approximately 6:45 p.m. on November 20, 1987, a witness observed from his residence an unknown man pulling at the front door of his neighbor's house, the Sneed residence. The early evening was dark. The witness observed that the front porch light of the Sneed residence was not lighted. Looking through a window of his residence, the witness saw the unknown man leave the Sneed's front door, go to a window, then to the garage door, and finally to a side door in an attempt to enter the Sneed residence. The witness telephoned for police assistance. When a police car drove by the Sneed residence, the witness observed the unknown man, upon seeing the police car, leave the Sneed property through the Sneed's back yard.

Officer John Smith of the Kansas City, Missouri, Police Department, contacted the witness and was given a description of the man the witness saw. The police officer radioed the description to the police dispatcher. Approximately five minutes later police officers observed the appellant, Mr. Bratton, running two blocks from the Sneed residence. Mr. Bratton was detained.

Mr. Bratton identified himself to police officers as William H. Jackson. He volunteered to go to police headquarters to submit his fingerprints for identification. He was first taken by police officers to the crime scene and then to a police station in Kansas City.

The light bulb in the front porch light fixture of the Sneed residence was loose, and the globe cover to the porch light fixture was discovered by police officers on the ground to the side of the front door. Pry marks were observed on the front door of the residence. Police investigators obtained fingerprints from the light bulb in the front porch light fixture. A fingerprint taken from the light bulb in the Sneed porch light fixture had seventeen identifiable characteristics, all of which matched characteristics of a fingerprint taken from the detainee, identified at police headquarters as Mr. Bratton.

Mrs. Sneed did not know Mr. Bratton. She had never seen him before, and she had not given him permission to enter her home.

■ Mr. Bratton contends that the court erred by allowing the state, over his objection, to amend the information charging him with attempted burglary in the second degree after the instructions had been read but before the case was submitted to the jury. The applicable portion of the unamended information stated, "The prosecuting attorney ... charges that the defendant ... attempted to enter an inhabitable structure ... by applying [an] unknown type of tool to pry on the front door *and also removed a window screen....*" (Emphasis added.) The issue was raised when the assistant prosecuting attorney who tried the case noticed after the instructions were read to the jury that the verdict-directing instruction required as part of the second element of the offense that for the jury to find the defendant guilty, it had to find beyond a reasonable doubt that, not only did the defendant attempt to enter the Sneed residence by applying an unknown tool to pry the front door, but that he also "removed a window screen" from the residence. No evidence was introduced that a window screen had been removed from the Sneed residence. The trial court granted the state's motion to strike the indicated words from the information and the same words were redacted from the verdict finding instruction. The court resubmitted the instructions to the jury, including the amended verdict finding instruction.

■ Rule 23.08 provides that "[a]ny information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced...." *See also State v. Carter*, 771 S.W.2d 844, 846 (Mo.App.1989). The test for prejudice under Rule 23.08 is whether a defense to the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment. *State v. Sipes*, 651 S.W.2d 659, 663 (Mo.App.1983).

Mr. Bratton does not claim that an additional or different offense was charged by

amending the information. He says that he would have argued to the jury that the state failed to prove a window screen had been removed from the Sneed residence as alleged in the unamended information, and the state's failure to offer any evidence of a screen's removal would have helped him establish reasonable doubt in the minds of the jurors. Because the allegation that Mr. Bratton had removed a window screen from the Sneed residence was redacted from the information, Mr. Bratton was not able to argue that the state failed to prove a fact it alleged in the charge and that he was thereby prejudiced.

The information was not rendered deficient by redacting unnecessary language. It continued to charge the original offense, attempted burglary in the second degree. No evidence had been offered to support the stricken allegation that Mr. Bratton had removed a window screen, and striking the unnecessary allegation did not alter the defenses available to Mr. Bratton. Mr. Bratton's general denial defense to the charge was not altered by amending the information. He was not confronted with additional factual allegations. His defense was as applicable after the amendment as it was before the amendment. His anticipated argument to the jury may have been altered, but the defendant's resulting inability to rationally argue during summation that the state failed to prove an unnecessary fact is not a "substantial right" contemplated by Rule 23.08. Mr. Bratton was not prejudiced by the amended information.

■ As his second point, Mr. Bratton avers that the court erred when it overruled his objection to the question asked him on cross-examination whether his testimony during trial was the first time that he had stated he had been at the Sneed residence and had turned the light bulb in the porch light fixture.[2] He contends that the question was an impermissible comment on his right to postarrest silence in violation of his Fifth Amendment and Art. I, § 19 Missouri Constitution rights.

Mr. Bratton testified at trial. On direct examination he acknowledged being at

7130 Forest, the Sneed residence, shortly before he was detained approximately two blocks from the residence. He testified about his conversation with police officers when he was initially detained. He told police officers that his name was William Jackson and that he had never been to 7130 Forest. On cross-examination, Mr. Bratton testified that shortly after his detention, he told police officers his true name and he acknowledged having been at the Sneed residence shortly before he was detained. He testified that while he was at 7130 Forest, he saw the globe of the Sneed's porch light on the ground, and he saw that the light bulb in the porch light fixture was loose. He stated that he touched the light bulb to tighten it, believing that the bulb would then light. He then saw a police car, which he stated prompted him to depart the premises without twisting the bulb.

Established law precludes the prosecutor using the post-detention or arrest silence of a defendant against him. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Stuart,* 456 S.W.2d 19, 22 (Mo. banc 1970); *State v. Hendrix,* 675 S.W.2d 919, 922 (Mo.App.1984). However, Mr. Bratton elected to waive his right to silence following his detention and arrest, initially giving a false name to police officers and denying to them that he had been present at the crime scene on November 20, 1989. Later he stated his true name and acknowledged to police officers that he had been present at the crime scene shortly before his detention. He volunteered an explanation for his presence at the Sneed residence. During his testimony Mr. Bratton informed the jury of the statements that he made to police officers following his detention and arrest the early evening of November 20, 1987. He then gave an explanation to the jury for the presence of his fingerprint on the light bulb of the porch light fixture at the Sneed residence.

Mr. Bratton waived his right to remain silent during his detention and subsequent arrest. He testified about his presence at the crime scene and explained the presence of his fingerprint on the light bulb in the

---

**2.** "And this is the first time that this story has come up that you had been at this location and

you had turned the light bulb; is that right?" (Tr. 115)

Sneed porch light fixture. He cannot now complain that the Assistant Prosecuting Attorney improperly commented or questioned him regarding his statements to police officers or his testimony to the jury. The rule against introduction of evidence of a defendant's postarrest silence with the attendant inference of the failure to volunteer an exculpatory statement is intended to avoid the associate penalty to a defendant for exercising his right to remain silent. However, the rationale is not applicable where the defendant made statements to police officers, first denying his presence at the crime scene, and later acknowledging his presence at the crime scene and offering exculpatory comments. *State v. Lindsay*, 709 S.W.2d 499, 509 (Mo.App. 1986).

Although it was proper examination, the question was not answered. Defense counsel objected, the court overruled the objection, but the assistant prosecuting attorney submitted a different question. Some questions by their very submission may be prejudicial, but Mr. Bratton was not prejudiced by the question about which he complains. *Id.*

The judgment is affirmed.

All concur.