**STATE of Missouri, Plaintiff/Respondent,**

v.

**Thomas WALTER, Defendant/Appellant.**

No. 67777.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 26, 1996.

---

Edie H. Jansson, St. Charles, for appellant.

Matthew E.P. Thornhill, Assistant Prosecuting Attorney, St. Charles County, St. Charles, for respondent.

GEORGE M. FLANIGAN, Senior Judge.

■ A jury found defendant guilty of driving while intoxicated (Count I), and two other offenses and he was sentenced to jail terms totalling 270 days. Defendant appeals.

Defendant's first point is that the trial court erred in permitting the state, at the close of its evidence, to amend Count I from charging defendant with driving "while under the influence of alcohol" to driving "while intoxicated" because "defendant's defense, that he was not under the influence of alcohol but was under the influence of legally prescribed medications for psychological prob-

lems, was not equally available after the amendment."

"A person commits the crime of **'driving while intoxicated'** if he operates a motor vehicle while in an intoxicated or drugged condition." § 577.010.1 [1]. As used in § 577.010, a person is in an **"intoxicated condition"** when he is under the influence of alcohol, a controlled substance, or drug, or any combination thereof. § 577.001.2.

On June 14, 1993, the prosecutor filed an information which, in addition to its formal portions, charged that the defendant "in violation of Section 577.010 RSMo, committed the class A misdemeanor of Driving While Intoxicated punishable upon conviction under Sections 558.011.1(5), 560.016 and 577.023.2 RSMo, in that on or about the 25th day of March, 1993 in the county of St. Charles, State of Missouri, the defendant drove and operated a motor vehicle over and upon the North Service Road at Mid Rivers Mall Drive while under the influence of alcohol."

The information also alleged two prior convictions for driving while intoxicated. Prior to trial, the prosecutor amended the information by alleging the foregoing charge in Count I and adding Counts II and III.

The jury trial took place on November 2, 1994. During jury selection, the trial judge told the prospective jurors that defendant was charged with driving while intoxicated. During voir dire examination the prosecutor told the prospective jurors, more than once, that the defendant was charged with driving while intoxicated. Defense counsel, during voir dire examination, referred to the "requirements" of the "charge of driving while intoxicated." No objection was made to any of the foregoing remarks.

Officer John Meyer of the police department of St. Peters, Missouri, a witness for the state, testified:

I was on duty on March 25, 1993, at 1:40 a.m. on North Service Road and observed a Ford pickup being operated in an erratic manner. The vehicle weaved across the center line and onto the shoulder four to six times before I stopped it. Defendant was the driver. I detected a strong odor

1. All references to statutes are to RSMo 1986.

of alcohol about him and the car. His speech was slurred and confused. He swayed and stumbled after he got out of the vehicle. He failed several field sobriety tests which I administered. I formed the opinion he was too intoxicated to be operating a motor vehicle. I arrested him and took him to the station. I explained his rights to him and asked him to submit to a chemical breath test. He refused. I gave him the Miranda warning. He said he had been drinking beer for the last three hours. He also said he had been on medication—Xanax, Desyrel, and Imipramine—for psychological problems. His eyes were glassy and his clothes were messed. I believed him to be under the influence of alcohol. Defense counsel took my deposition last week.

At the close of the state's evidence the court permitted the prosecutor, over objection, to make the challenged amendment to Count I.

The sole defense witness was Terry Martinez, a pharmacologist-toxicologist, who testified that the three drugs which had been prescribed for defendant on February 10, 1993 could cause drowsiness, slurring of speech, lack of coordination, and sedation. He said it was very unusual for a person to be on all three drugs and such a person could appear to be intoxicated when he was not. He said it was almost impossible to say whether a person can still drive a motor vehicle while taking the three drugs. He said that he "would not recommend that a person on the three drugs drive" and that "it would be worse with alcohol."

Instruction 6, the state's verdict director on Count I, was based on MAI–CR3d 304.08. The findings required for conviction were that the defendant, on March 25, 1993, in St. Charles County, operated a motor vehicle on North Service Road and did so while in an intoxicated condition. Instruction 8, based on MAI–CR 3d 333.00, defined the term "intoxicated condition" to mean "under the influence of a combination of alcohol and a drug or drugs." [2]

Instruction 7, given at defendant's request, told the jury to find defendant not guilty under Count I as submitted in Instruction 6 "[i]f you have a reasonable doubt as to whether [defendant] was operating a motor vehicle while in an intoxicated condition."

■ "The substantial rights an information is designed to further are: (1) to inform a defendant of the charges against him so that he may adequately prepare a defense, and (2) to protect the defendant against double jeopardy." *State v. Simpson*, 846 S.W.2d 724, 728[9] (Mo. banc 1993).

■ "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08.

■ The test for prejudice under Rule 23.08 is whether defendant's evidence would be equally applicable, and his defense to the charge equally available, after the amendment. *State v. Laughlin*, 900 S.W.2d 662, 668[12] (Mo.App.1995); *State v. Endicott*, 881 S.W.2d 661, 664[6] (Mo.App.1994). "Loss of a technical defense is not the type of prejudice referred to under Rule 23.08." *Endicott*, 881 S.W.2d at 664. *See also State v. Bratton*, 779 S.W.2d 633, 634–35[2] (Mo.App. 1989). An amendment proper under Rule 23.08 may be made to conform the information to the evidence. *State v. Eaton*, 504 S.W.2d 12, 20[16] (Mo.1973); *Bass v. State*, 807 S.W.2d 523, 525 (Mo.App.1991).

In *State v. Stamps*, 865 S.W.2d 393 (Mo. App.1993), a prosecution under § 577.010, the information charged that defendant was driving while under the influence of "alcohol." The information was not amended but Instruction 7, given at the state's request, defined "intoxicated condition" to mean "under the influence of alcohol, a controlled substance, or drug or any combination thereof." On appeal defendant claimed that the trial court plainly erred in giving the instruction because it varied from the information "resulting in a new and distinct offense" and he

---

**2.** Instruction 8, which conformed to the state's evidence, contains a more narrow definition of "intoxicated condition" than that contained in

§ 577.001.2 and needlessly increased the state's burden of proof.

did not have an opportunity to prepare an adequate defense. Defendant argued that he was prepared to defend himself with respect to being under the influence of alcohol and that he could not have anticipated that the state would attempt to prove that he was under the influence of "a controlled substance, or drug, or any combination thereof."

Rejecting the argument, this court noted that a burden of proof instruction, patterned after MAI–CR3d 310.52 dealing with involuntary intoxication, was given at defendant's request. That instruction, Instruction 8, told the jury that an intoxicated condition, whether from alcohol or drugs, did not relieve a person of responsibility for his conduct unless such condition was involuntarily produced and that the state had the burden of proving beyond a reasonable doubt that defendant was not entitled to an acquittal by reason of an involuntary intoxicated condition. The Court said that defendant could not properly claim that the instruction "represented a new charge." The Court also said that defendant's defense was that he was involuntarily intoxicated due to his ingestion of prescription drugs, that Instruction 8 submitted that defense, that defendant was not prejudiced by the "variation between the information and Instruction 7," and that the trial court did not plainly err in giving Instruction 7.

In the case at bar there was no variance between the amended version of Count I and Instruction 6. The original version of Count I charged a violation of § 577.010 and so did the amended version. No additional or different offense was charged. Defendant offered no evidence that his condition of intoxication was involuntarily induced nor did he request an instruction on involuntary intoxication. Absent any issue of involuntariness, it made no legal difference whether his intoxication was due to alcohol, drugs, or a combination thereof.

Defendant's brief states: "The defense in this case was that defendant was taking prescribed medications and was not under the influence of alcohol." Intoxication due to drugs, unless involuntary, was not a defense.

This court holds that defendant's substantial rights were not prejudiced by the amendment of Count I and that the trial court did not err in permitting that amendment. Defendant's first point has no merit.

■ Defendant's second point is that the trial court committed plain error, within the meaning of Rule 30.20, in commenting on defendant's evidence, in "injecting as to what the prosecutor would acquiesce to," and in making other general statements "which clearly could have conveyed to the jury an impression that the judge believed the evidence being offered was without merit," all in violation of defendant's right to a fair trial.

Under Rule 30.20 this court, in its discretion, may consider plain errors affecting substantial rights when this court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Defendant made no contemporaneous objection to any of the challenged remarks. The first remarks occurred during defense counsel's cross examination of Officer Meyer. Defense counsel asked the witness whether it was "common procedure for you to ask somebody that—if they could give you names of anyone who maybe deals drugs or something, that you would rip up the ticket?" In sustaining the prosecutor's objection—that "it didn't come out in evidence" and was "irrelevant"—the court said: "Well, I don't know what you're getting at. I think you're fishing. Sustain the objection."

The second remarks occurred during defense counsel's direct examination of Martinez. After examining Martinez extensively concerning his academic and professional background, defense counsel offered into evidence the "curriculum vitae" of the witness. The prosecution made no objection to the exhibit. In admitting the exhibit the trial court commented that "it would have been excellent if [defense counsel] had [previously submitted the exhibit] and we could have cut out all of this." The court also said that the prosecutor "would probably acquiesce that he's an expert."

The third remarks occurred later in the direct examination of Martinez. Defense counsel showed the witness Exhibit C, which has not been filed in this Court, and asked him if he recognized it. The witness replied that it was a "printout from a fax machine"

that he sent to defense counsel earlier. The witness also said: "[Exhibit C] is from the poison index, which is a computerized information system that's used by poison control centers." The witness said that Exhibit C identifies the active ingredients in Xanax. He also said: "And it also is the first page of summary of the neurological effects and other common effects that you see in these medications."

When defense counsel offered Exhibit C the prosecutor said, "Your honor, the only reason I might object is at the bottom of the thing, it says all company product information is confidential. It should be used for medical emergencies and not released to non-medical professionals. I'm not sure the jury ought to read this if it contains that kind of language and it seems to be a confidential area."

In admitting Exhibit C into evidence the court said: "I don't think the jury can—without a scientific background—can understand it, so I'm going to admit it. I don't know for what—whatever probative value it has we'll admit it."

In *State v. Davis*, 653 S.W.2d 167, 177[24] (Mo. banc 1983) (quoting *State v. Mitchell*, 622 S.W.2d 791, 798 (Mo.App. 1981)), the court said:

> [T]he trial court 'must maintain a position of absolute impartiality, avoid any conduct which might be construed as indicating a belief on the part of the judge as to the guilt of the defendant and the court should not demonstrate hostility toward the defendant.' We will not hesitate to take corrective action whenever there is evidence of abuse.

While some or all of the challenged remarks might better have been left unsaid, this court holds that they, singly or collectively, do not constitute plain error and that they did not deprive defendant of a fair trial. Defendant's second point has no merit.

The judgment is affirmed.

CRANE, C.J., and HOFF, J., concur.