**Liebe OSTROW d/b/a Ostrow & Associates, Appellant,**

v.

**UNITED BUSINESS MACHINES, INC., Appellee.**

No. 01–97–00463–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 14, 1998.

Edward L. Freidman, Houston, for Appellant.

Gregory S. Levine, Houston, for Appellee.

1. TEX. BUS & COM.CODE §17.41 et seq. (1998).

Before COHEN, O'CONNOR and ANDEL, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment granted in favor of United Business Machines (UBM). We affirm in part and reverse in part.

### Background

In June 1993, Liebe Ostrow, the appellant, bought a computer from UBM, the appellee, for $2,024.28. Ostrow was unable to use the computer and, after a computer consultant was unable to fix it, she brought the computer to UBM for repair. UBM returned the computer, saying there was nothing wrong with it. Ostrow tried again to use the computer, but it would not work. She returned it to UBM and asked for a refund. After some discussion, Ostrow signed a document titled "Full Payment and Release" and was refunded the purchase price of the computer less a 15 percent restocking fee. UBM gave Ostrow a check for the refund in the amount of $1,720.63. Written on the front of the check was "full payment and release," and on the back, "Endorsement or deposit of this check represents a release of all claims by Ostrow & Associates against UBM." Ostrow endorsed and deposited the check.

Ostrow sued UBM in small claims court, seeking $4,542.50 for violations of the Texas Deceptive Trade Practices Act (the DTPA)[1] and fraud. UBM then filed suit against Ostrow in county court for breach of contract and fraud. After a jury trial in small claims court, Ostrow was awarded $501.76; she appealed to the county court. The parties agreed to consolidate Ostrow's appeal with UBM's suit in the county court. UBM filed a motion for summary judgment, claiming Ostrow's claims were barred by the defense of accord and satisfaction. The trial court granted UBM's motion for summary judgment. The trial court found Ostrow's suit was groundless, brought in bad faith, and brought for the purpose of harassment, and awarded UBM attorney's fees.

### Accord & Satisfaction of DTPA Claim

In point of error one, Ostrow claims the trial court erred in finding her DTPA claims were barred by UBM's defense of accord and satisfaction because the release she signed was a void and unenforceable waiver of rights.

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). A defendant is entitled to summary judgment if it conclusively negates an element of each of the plaintiff's causes of action or establishes all the elements of an affirmative defense as a matter of law. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 566.

In reviewing the granting of a motion for summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66. We will assume all the evidence favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565. When a summary judgment is based on the deficiencies in the pleadings, on appeal the court assumes that all allegations, facts, and inferences in the pleadings are true and views them in a light most favorable to the pleader. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994); *Zapata v. Rosenfeld*, 811 S.W.2d 182, 183 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

Any claim arising out of a contract, express or implied, may be the subject matter of an accord and satisfaction, provided the contract is not illegal. *Texas & Pac. Ry. v. Poe*, 131 Tex. 337, 115 S.W.2d 591, 592 (1938); *City of Houston v. First City*, 827 S.W.2d 462, 472 (Tex.App.—Houston [1st Dist.] 1992, writ denied). An accord is a bargaining evidenced in a new contract, either express or implied, which replaces an old agreement. *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex.1969); *Bueck-*

*ner v. Hamel*, 886 S.W.2d 368, 372 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In the new contract, the parties mutually agree that one party will give and the other will accept something that is different from what each expected from the old contract. *Jenkins*, 449 S.W.2d at 455; *Bueckner*, 886 S.W.2d at 372. The satisfaction is the actual performance of the new agreement. *Bueckner*, 886 S.W.2d at 372.

A valid accord and satisfaction requires that there initially be a legitimate dispute between the parties about what was expected. *Id.* The evidence must show an agreement that the debtor's payment fully satisfy the entire claim. *Jenkins*, 449 S.W.2d at 455; *Christian v. University Fed. Sav. Ass'n*, 792 S.W.2d 533, 534 (Tex.App.—Houston [1st Dist.] 1990, no writ). There must be an unmistakable communication to the creditor that acceptance of the lesser sum will satisfy the underlying obligation. *Jenkins*, 449 S.W.2d at 455; *Christian*, 792 S.W.2d at 534. Such condition must be plain, definite, certain, clear, full, explicit, not susceptible of any other interpretation, and accompanied by acts and declarations that the creditor is sure to understand. *Jenkins*, 449 S.W.2d at 455; *Christian*, 792 S.W.2d at 534.

When a check listing certain conditions is tendered to a party and the conditions are accepted, a contract is formed when the check is cashed or deposited. *First City*, 827 S.W.2d at 472. Where the check is tendered in an effort to discharge or modify an existing and disputed obligation between the parties, the acceptance of the check constitutes an accord and satisfaction. *Id.*

### Analysis

UBM's motion for summary judgment argued Ostrow's claims were barred by UBM's affirmative defense of accord and satisfaction. It argued the receipt Ostrow signed and the check she accepted from UBM constituted settlement in full of any claims she may have had against UBM.

UBM attached to its motion for summary judgment the receipt Ostrow signed when she received her partial refund. When Os-

trow returned the computer to UBM, she signed a credit memo on which was written, "This credit memo represents full & final satisfaction of all complaints by Ostrow & Associates against UBM." Ostrow signed on the line immediately below the release language. The credit memo stated Ostrow was refunded the purchase price of the computer less $280.50 for restocking and for miscellaneous items not returned. UBM also attached a copy of the refund check, which contained statements that it was a "full payment and release," and the "[e]ndorsement or deposit of this check represents a release of all claims by Ostrow & Associates against UBM." The check showed Ostrow had endorsed and deposited it.

Ostrow claims the release she signed was a waiver of her DTPA rights and is unenforceable under section 17.42(a) of the DTPA. Section 17.42 provides that a consumer's waiver of his rights is void unless certain conditions are met.[2] Ostrow claims the release she signed was in fact a waiver and did not meet the requirements of section 17.42 in part because she was not represented by an attorney. She claims UBM cannot rely upon the release for its defense of accord and satisfaction. We disagree.

Ostrow argues that section 17.42 applies to post-transactional waivers as well as waivers contained in boiler-plate contractual language and cites us to *Poe v. Hutchins*, 737 S.W.2d 574, 580 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). *Poe* held that section 17.42 does indeed apply to post-transaction waivers and that post-transactional behavior could not be viewed as a waiver of DTPA rights. *Id.* It is not clear in *Poe* what the post-transactional behavior was, but there is no mention of any express, written release signed after the dispute had arisen in an attempt to settle the dispute, as we have in this case. *Poe* addressed a different waiver argument than the one presented by UBM. Ostrow and UBM were already involved in their dispute. She

knowingly released UBM from further claims in return for the refund of her money.

■ We do not believe Ostrow's is the sort of situation from which the DTPA seeks to protect consumers. To hold otherwise would effectively bar consumers and retailers from settling any disputes without consulting an attorney and beginning a quasi-litigious process. We hold a DTPA claim arising out of a contract may be barred by accord and satisfaction. *See Kennemore v. Bennett*, 755 S.W.2d 89, 91 (Tex.1988) (DTPA claims may be asserted "in the absence of an express settlement or other express waiver"); RICHARD ALDERMAN, THE LAWYER'S GUIDE TO THE TEXAS DECEPTIVE TRADE PRACTICES ACT §2.33 (1996) (the DTPA §17.42's prohibition should only be applied to waivers made in advance of settlement). *See Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979) (DTPA claim barred by defense of accord and satisfaction); *Miranda v. Joe Myers Ford, Inc.*, 638 S.W.2d 36, 39 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd) (same); *see also Kuehnhoefer v. Welch*, 893 S.W.2d 689, 692 (Tex. App.—Texarkana 1995, writ denied) (affirmative defense of accord and satisfaction is available to a defendant in a DTPA claim); *Jenkins v. Steakley Bros. Chevrolet Co.*, 712 S.W.2d 587, 590 (Tex.App.—Waco 1986, no writ) (plaintiff argued accord and satisfaction did not apply to DTPA claims; court disagreed and held suit barred by accord and satisfaction); *Priem v. Shires*, 697 S.W.2d 860, 864 (Tex.App.—Austin 1985, no writ) (DPTA claims barred by accord and satisfaction); *Hernandez v. Telles*, 663 S.W.2d 91, 93 (Tex. App.—El Paso 1983, no writ) (public policy in favor of protection of consumers' rights does not override stronger public policy in favor of settling disputes).

■ When a check listing certain conditions is tendered in an effort to discharge an existing and disputed obligation, acceptance of the check constitutes an accord and satisfaction. *First City*, 827 S.W.2d at 472.

---

2. At the time Ostrow's dispute with UBM arose, section 17.42 required the following for a valid waiver: the consumer must not be in a significantly disparate bargaining position; the consumer must be represented by counsel in seeking the goods; and the consumer must waive his rights in an express provision in a written contract signed by the consumer and his attorney. TEX. BUS. & COM.CODE §17.42(a) (1995), *amended by* Act of May 19, 1995, 74th Leg., R.S., ch. 414, §1, 1995 Tex. Gen. Laws 2988, 2988–89.

UBM's summary judgment evidence clearly established accord and satisfaction. Ostrow and UBM, who were involved in a dispute over the computer, entered into a new agreement regarding the refund of the purchase price less 15 percent. *Jenkins*, 449 S.W.2d at 455; *Bueckner*, 886 S.W.2d at 372. UBM tendered the check listing its conditions to Ostrow. The check clearly showed that Ostrow's acceptance of it would fully satisfy her claims against UBM. *Jenkins*, 449 S.W.2d at 455; *Christian*, 792 S.W.2d at 534. The condition was definite, certain, and clear. *Jenkins*, 449 S.W.2d at 455; *Christian*, 792 S.W.2d at 534. Her acceptance of the check constituted accord and satisfaction. *First City*, 827 S.W.2d at 472.

We overrule point of error one.

### Frivolous Suit

In point of error two, Ostrow argues the trial court abused its discretion in finding her suit was groundless and brought for purposes of harassment. We agree.

 If a trial court finds a DTPA action was groundless in fact or law, brought in bad faith, or brought for the purpose of harassment, it must award to the defendant reasonable attorney's fees and costs necessary to defending the DTPA claim. Tex. Bus. & Com.Code §17.50(c) (1998); *Intertex, Inc. v. Cowden*, 728 S.W.2d 813, 820 (Tex. App.—Houston [1st Dist.] 1986, no writ). A trial court's determination that a DTPA action was groundless, brought in bad faith, or harassing is a question of law and is reviewed under an abuse of discretion standard. *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 n. 3 (Tex.1989); *see CEDA Corp. v. City of Houston*, 817 S.W.2d 846, 848 (Tex.App.—Houston [1st Dist.] 1991, writ denied). A trial court abuses its discretion if it acts arbitrarily and unreasonably, without reference to guiding rules or principals. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex.App.—Houston [1st Dist.] 1996, no writ).

 "Groundless" under the DTPA has the same meaning as "groundless" under

Texas Rule of Civil Procedure 13—having no reasonable basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Donwerth*, 775 S.W.2d at 637, *CEDA Corp.*, 817 S.W.2d at 848; Tex.R. Civ. P. 13. To find a lawsuit was brought in "bad faith," a defendant must show the suit was motivated by a malicious or discriminatory purpose. *Schlager v. Clements*, 939 S.W.2d 183, 190 (Tex.App.—Houston [14th Dist.] 1996, writ denied). A finding of harassment is closely tied to a finding that the suit was groundless. *Donwerth*, 775 S.W.2d at 638 ("it is difficult to conceive of a case which was not groundless but was brought for purposes of harassment"); *Schlager*, 939 S.W.2d at 191. We look to see whether the totality of the tendered evidence shows an arguable basis in fact and law for the DTPA claim. *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989); *Schlager*, 939 S.W.2d at 190.

The trial court in this case found that Ostrow's suit was groundless, brought in bad faith, and brought for purposes of harassment. The trial court awarded UBM $10,462.50 for attorney's services rendered at the trial court level, another $675 if Ostrow filed a motion for new trial that was denied, $5,000 if she appealed to this Court, and $2,500 if she appealed to the Supreme Court of Texas.

 On appeal, UBM claims Ostrow should have known her suit was groundless because she released her claims against UBM, which entitled UBM to assert the defense of accord and satisfaction. However, Ostrow initially won against UBM in her jury trial in small claims court, which is some evidence Ostrow's argument had some validity. And, the provisions of former §17.42 show that Ostrow had an arguable basis in law to contend her release was invalid. While we disagree with her argument that the release was an invalid waiver under the DTPA, it is not so without basis in fact or law as to be groundless and brought for the purpose of harassment. *See Donwerth*, 775 S.W.2d at 638. UBM alleged but did not show Ostrow's motives in filing her suit were malicious or discriminatory. *See Central Texas Hardware, Inc. v. First City, Texas–Bryan, N.A.*, 810 S.W.2d 234, 237–38 (Tex.

App.—Houston [14th Dist.] 1991, writ denied). Rather, Ostrow's suit appears to have been motivated by a good-faith belief that she had a valid DTPA claim. *See Hill v. Pierce*, 729 S.W.2d 340, 341 (Tex.App.—El Paso 1987, writ ref'd n.r.e.). We conclude the trial court abused its discretion in finding Ostrow's suit was groundless, brought in bad faith, or brought for the purposes of harassment.

We sustain point of error two.

We affirm the trial court's granting of summary judgment in favor of UBM. We reverse the trial court's awarding attorney's fees to UBM.