# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00156-CV

**Amanda Baird; Peter Torres; and Peter Torres, Jr., P.C., Appellants**

**v.**

**Margaret Villegas and Tom Tourtellotte, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
## NO. 255,962, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Plaintiff Amanda Baird and her attorney, Peter Torres, and Peter Torres, Jr., P.C.,
appeal from an order awarding attorney's fees. The dispute arose out of Baird's purchase of a 1998
Nissan Maxima from Central Texas Imports, Inc., d/b/a South Point Nissan and Cen-Tex Nissan (the
"dealership"). Villegas previously purchased the same car from the same dealership, but returned
it. Baird sued the dealership and Margaret Villegas for breach of contract and violating the Texas
Deceptive Trade Practices and Consumer Protection Act ("DTPA"),[1] and both defendants
counterclaimed for sanctions. Villegas filed a no-evidence motion for summary judgment.[2] Just

---

[1] *See* Tex. Bus. & Com. Code Ann. §§ 17.41-.506 (West 2002 & Supp. 2004).

[2] *See* Tex. R. Civ. P. 166a(i).

prior to the hearing set on the motion, Baird nonsuited her claims against both defendants. The dealership did not pursue sanctions after it was nonsuited, but Villegas did. The county court at law awarded Villegas and her attorney $4,000 in attorney's fees against both Baird and her attorney as a sanction for maintaining a groundless lawsuit.

Baird and her attorney appeal the sanctions award in three issues, complaining there was no evidence to support the award of attorney's fees under Texas Rule of Civil Procedure 13, chapter 10 of the Texas Civil Practices and Remedies Code, and section 17.50(c) of the DTPA. This case presents a situation in which the plaintiff's claims were arguably actionable when suit was filed but subsequently became groundless. Although we conclude that the requirements of rule 13 and chapter 10 bar any recovery of attorney's fees under the circumstances here, we uphold the award under the DTPA. We affirm the trial court's sanctions order.

## BACKGROUND

Margaret Villegas bought a 1998 Nissan Maxima in February 1998, but returned it to the dealership on May 22, 1998. The record does not indicate the reason for the return. Amanda Baird apparently purchased the same car from the same dealership in September 1998. As Baird was attempting to refinance the car in April or May of 2000, she learned, from a facsimile report by CarFax, that the car's title reflected that it was "branded" as "Salvaged/Junk" and that the car had sustained "flood damage."[3]

---

[3] Baird admitted in her deposition that the CarFax document, entitled "CarFax Branded Title Check," which was the factual basis for her lawsuit, contained a disclaimer warning that the contents should not be relied upon. The CarFax document reflects that the branding of the Nissan's title occurred on May 16, 2000, two years after Villegas returned the car to the dealership and almost two

2

In late February 2001, Baird consulted attorney Peter Torres, Jr. regarding the car's possibly defective title. Torres filed a lawsuit against the dealership and Villegas on Baird's behalf on March 19, 2001. Baird never had any contact directly or indirectly with Villegas prior to filing suit against her. Baird's petition alleged identical factual and legal theories against both defendants. It alleged that the defendants misrepresented to Baird that the car was of good quality and dependable and that they failed to disclose that the engine had prior flood damage. The petition further alleged that their conduct was knowingly false, misleading, and deceptive and violative of sections 17.45, 17.46(b)(5), (7), (9), (12), (21), and (23); and 17.50(a)(1), (2), and (3) of the DTPA. The petition also alleged that the defendants breached a contract with Baird.

Villegas asserted throughout the litigation that there was no factual or legal basis for liability against the previous owner of the car. However, Baird maintains that she had a legal basis for suing Villegas at the time the suit was filed. In an affidavit controverting Villegas's motion for sanctions, attorney Torres averred that when Baird consulted him, the statute of limitations deadline was approaching; in an exercise of caution, he decided to sue both the dealership and the previous owner of the car. Baird contends that the DTPA, specifically section 17.506, provides a defense to the dealership if it relied on "written information relating to the particular goods or services in question obtained from another source if the information was false or inaccurate and the defendant did not know and could not reasonably have known of the falsity or inaccuracy of the information." Tex. Bus. & Com. Code Ann. § 17.506(a)(2) (West 2002). She also points out that subsection

years after Baird purchased the car.

17.506(c) allows a cause of action against "the third party supplying the written information without regard to privity" if such a defense is raised. *Id.* § 17.506(c).

Villegas counters that because the CarFax report indicated that the branding did not occur until two years after she returned the car, Baird should have known that she had no cause of action against Villegas. Villegas filed a counterclaim seeking sanctions under Chapter 10 of the Texas Civil Practices and Remedies Code, rule 13 of the Texas Rules of Civil Procedure, and section 17.50 of the DTPA.

At some unspecified point after filing suit, Baird and Torres learned that the flood damage noted in the title history of her car resulted from a clerical error by the Texas Department of Transportation. The record fails to establish when the clerical error was discovered. In a subsequent affidavit, Baird averred that "[a]fter a number of months, we learned . . . of a mistake that had been made by the Texas Department of Transportation." She further testified that when she learned of the mistake she authorized her attorney "to immediately non-suit my case against both Defendants." Torres, in his affidavit, testified that "[a]fter conducting discovery, we learned" of the mistake "and, as a result of this finding, we non-suited Plaintiff's claims against all Defendants." In her deposition, Baird testified that she learned of the error after numerous conversations with employees of the Texas Department of Transportation, who eventually concluded that the department had no basis for branding the title and that it was a clerical error. Baird does not state, and the record does not otherwise indicate, when she actually learned of the error or how long her claims remained on the docket after the error was discovered.

Villegas filed a no-evidence motion for summary judgment on June 6, 2002, and set a hearing for July 3. Baird nonsuited all of her claims on June 25, 2002, fifteen months after filing the lawsuit. After Baird's nonsuit, Villegas filed a motion for sanctions. At the sanctions hearing, the court expressed displeasure with Baird and Torres's delay in dismissing the lawsuit after they learned of the clerical error. In its sanctions order, the trial court found that Baird answered written discovery propounded by Villegas on October 16, 2001, which the court found should have put Baird on notice that her claims were frivolous. Among the court's conclusions of law, the court determined that Baird's causes of action were groundless. The court also concluded that Baird had a "reasonable opportunity to investigate whether there was evidentiary support or not for her allegations against Villegas" within fifteen months of filing suit, and that there "was no basis for the continuation of the case by Baird or her attorney." The court awarded reasonable and necessary attorney's fees as sanctions under section 17.50(c) of the DTPA, chapter 10 of the civil practices and remedies code, and rule 13 of the rules of civil procedure.

## DISCUSSION

*Standard of Review*

We review a trial court's award of sanctions under an abuse of discretion standard, reversing only upon a showing of a clear abuse of discretion. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993); *Emmons v. Purser*, 973 S.W.2d 696, 699 (Tex. App.—Austin 1998, no pet.). Whether a trial court abused its discretion depends on whether it acted arbitrarily, unreasonably, or without reference to any guiding legal principles. *Emmons*, 973 S.W.2d

5

at 699.  A trial court abuses its discretion in imposing sanctions when the decision is based on an erroneous interpretation of the law or a clearly erroneous assessment of the evidence.  *Id.*; *see also Overman v. Baker*, 26 S.W.3d 506, 509 (Tex. App.—Tyler 2000, no pet.).

When reviewing a no-evidence challenge, we consider only the evidence and inferences that support the court's finding and disregard all evidence and inferences to the contrary. *Skepnek v. Mynatt*, 8 S.W.3d 377, 382 (Tex. App.—El Paso 1999, pet. denied).  When reviewing a trial court's decision under an abuse of discretion standard, we do not substitute our judgment for that of the trial court.  *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

Baird does not dispute that her claims against Villegas became groundless at some point after she filed suit.  Instead, she argues that the three sanctions provisions all require the claim to have been groundless when initially brought.  Indeed, a common requirement of the three provisions is a lack of objective merit of the lawsuit or claim.  Under section 17.50(c), "groundless" means a claim having no basis in law or fact, and not warranted by any good faith argument for the extension, modification, or reversal of existing law.  *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989).  Both Rule 13 and section 17.50(c) allow sanctions for filing "groundless" claims.  *See Ostrow v. United Bus. Machs., Inc.*, 982 S.W.2d 101, 106 (Tex. App.—Houston [1st Dist.] 1998, no pet. ) ("Groundless" under the DTPA has the same meaning as "groundless" under Texas Rule of Civil Procedure 13.).  The standard for determining whether a claim is groundless is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim."  *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex. 1989); *Ostrow*, 982 S.W.2d at 106.  In assessing this standard, a court may consider evidence that is legally

6

inadmissible or subject to other defects if there is some good-faith belief that the tendered evidence might become admissible or might reasonably lead to the discovery of admissible evidence. *Donwerth*, 775 S.W.2d at 637. Applying the standards of section 17.50(c) involves issues of law for a court to decide. *Id.* at 637 n.3.

Section 10.001 of the Texas Civil Practices and Remedies Code does not use the term "groundless"; instead, it requires that each claim be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Tex. Civ. Prac. & Rem. Code Ann. § 10.001(2) (West 2002). It has been interpreted to apply where "the pleading is presented for an improper purpose, unwarranted by existing law, and without evidentiary support." *Texas Dep't of Pub. Safety v. Friedel*, 112 S.W.3d 768, 772 (Tex. App.—Beaumont 2003, no pet.).

Baird argues in this appeal that the statutes and procedural rule authorizing sanctions require that the claims be frivolous or groundless at the time they are initially brought. She argues there is no legal basis for imposing sanctions for bringing claims that are arguably actionable when filed, but later prove groundless. Villegas counters that Baird should have known her claims lacked merit from the beginning.[4]

We agree with Baird that rule 13 and chapter 10 expressly authorize sanctions only for the bringing, or the signing, of pleadings containing frivolous or groundless claims. Texas Rule of Civil Procedure 13 states:

---

[4] In addition, Baird argues that the statutes and procedural rule also require affirmative evidence of either bad faith or other malicious purpose which Villegas did not show.

7

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other papers; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13; *see also Overman*, 26 S.W.3d at 509 (holding rule 13 "does not apply to the pursuit of an action which is later determined to be groundless."); *Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 765 (Tex. App.—Amarillo 1998, pet. denied) (court abused its discretion in awarding rule 13 sanctions for continuing suit after it was shown to be meritless). A movant must establish: (1) that the document filed was groundless, *and either* that it was brought (2) in bad faith, *or* (3) for the purpose of harassment. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). "[I]t is not enough that the suit . . . be groundless or frivolous[;] . . . it must also [be filed] in bad faith or for purposes of harassment." *Daniel v. Webb*, 110 S.W.3d 708, 712 (Tex. App.—Amarillo 2003, no pet.) (holding rule 13 sanctions imposed "simply because the suit against Webb was frivolous" was an abuse of discretion).

Similarly, section 10.001 of the Texas Civil Practices and Remedies Code provides:

> The signing of a pleading . . . constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> (1) the pleading . . . is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading . . . is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

8

(3) each allegation or other factual contention in the pleading . . . has evidentiary support or . . . is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2002). Because both rule 13 and section 10.001 focus on the time when the pleading is signed and filed to trigger the imposition of sanctions, we sustain appellants' first and second issues on appeal.

The sanctions provision of the DTPA, however, is not so limited. Section 17.50(c) authorizes the award of "reasonable and necessary attorney's fees" on:

a finding by the court that an action under this section was groundless in fact or law *or* brought in bad faith, *or* brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs.

Tex. Bus. & Com. Code Ann. § 17.50(c) (West 2002) (emphasis added). The elements of groundlessness, bad faith, and harassment are set forth in this provision in the disjunctive. We interpret this to mean that any one of the three elements alone may trigger sanctions. Moreover, although both the bad faith and harassment elements of the provision are required to exist when an action is "brought," the groundlessness element is not tethered to the bringing of an action. *See Mosk v. Thomas*, No. 14-02-01130-CV, 2003 Tex. App. LEXIS 10311, at *15 (Tex. App.—Houston [14th Dist.] Dec. 4, 2003, no pet.) (Fowler, J., concurring) ("Section 17.50(c) authorizes imposition of attorneys' fees simply on a showing that the suit is groundless in law. . . . Unlike other sanction settings, there need not also be a showing of bad faith; groundlessness in law alone is enough");

9

*Bohls v. Oakes*, 75 S.W.3d 473, 480 (Tex. App.—San Antonio 2002, pet. denied) (allowing section 17.50(c) attorney's fees awarded on groundlessness alone).

In her brief, Baird quotes the version of section 17.50(c) prior to its amendment in 1995. *See* Act of May 27, 1979, 66th Leg., R.S., ch. 603, § 4, 1979 Tex. Gen. Laws 1327, 1330, *amended by* Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 5, 1995 Tex. Gen. Laws 2988, 2993. That version of section 17.50(c) contained the conjunctive "and" between the groundless element and the bad faith and harassment elements. The elements of scienter and groundlessness were thus tied to the initial bringing of a claim. However, in 1995 the legislature amended section 17.50(c) and inserted the disjunctive "or" between these elements. Act of May 17, 1995, 74th Leg., R.S., ch. 414, § 5, 1995 Tex. Gen. Laws 2988, 2993. This amendment clearly made groundlessness alone "on a finding by a court" a sufficient basis for the award of attorney's fees. The amendment of section 17.50(c) also defeats Baird's complaints about the failure to present evidence of an improper motive. Under the amended section 17.50(c), evidence of improper motive is not necessary to impose sanctions in the face of a groundless action. *See id.*

We cannot say based on the totality of this record that the trial court abused its discretion in imposing sanctions under section 17.50(c). Baird left her claims pending for eight months after the court found that she should have learned that they were baseless, and did not take action to dismiss them until Villegas filed a motion for summary judgment and obtained a hearing date. Whatever Baird and Torres's initial motives, the court did not abuse its discretion in requiring that they reimburse the party adversely affected for the harm caused. We overrule appellants' third issue on appeal.

10

**CONCLUSION**

We hold the trial court did not abuse its discretion in awarding attorney's fees under section 17.50(c). Having overruled appellants' third issue on appeal, the order of the county court at law is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 18, 2004

11