

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
                         )
           Respondent, )
                         )
   vs.                   )    No. SD36215
                         )
LARRY W. TARVER, JR.     )    FILED: November 3, 2020
                         )
          Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable William Edward Reeves, Judge

**AFFIRMED**

At Larry Tarver's robbery trial, the verdict-directing instruction varied from how the crime was formally charged. Tarver did not object and now claims plain error. We affirm the conviction.

### Background[1]

Tarver agreed to sell drugs to an undercover officer posing as a buyer. When they met to make the exchange, Tarver held to the officer's head what the officer believed to be a gun, and demanded cash which the officer surrendered. A BB gun and one of the bills taken from the officer were found in a subsequent search of Tarver's house.

---

[1] Viewed in the light most favorable to the verdict. *See **State v. Glass**, 136 S.W.3d 496, 502 n.2 (Mo. banc 2004).

Charged with first-degree robbery as a persistent offender, Tarver did not testify or call any witnesses at trial. He was found guilty under a verdict director that required jurors to find Tarver had employed "what appeared to be a deadly weapon or dangerous instrument" per RSMo § 570.023.1(4) rather than "a dangerous instrument" as the amended information alleged.

Tarver appeals, claiming this variance was instructional plain error that denied him "the ability to adequately defend against the charges."

## Legal Principles

Such a variance is harmless unless it is material and prejudicial. *See* **Glass**, 136 S.W.3d at 520. "Variances are material when they affect whether the accused received adequate notice; variances are prejudicial when they affect the defendant's ability to defend against the charges." **Id**. (citation and internal quotation marks omitted).

We also bear in mind that Tarver claims plain error and manifest injustice, and thus has a "much greater burden" than had he objected. **State v. Bradshaw**, 411 S.W.3d 399, 403 (Mo.App. 2013).

## Materiality

This element alone dooms Tarver's appeal. The defense long knew that only a BB gun was involved, and defense counsel argued that fact eight months before trial in seeking a bond reduction.[2] Tarver thus fails to show inadequate notice, let alone a manifest injustice or miscarriage of justice requiring a new trial.

---

[2] We quote defense counsel on October 4, 2018 (trial was June 12, 2019):

> Judge, this was a situation where Mr. Tarver, at best, on the allegations, if true, he was approached by the police to engage in unsavory activity. And, so, it's not a matter of him being dangerous to others, especially since, it was actually used [sic] a pellet gun or a BB gun, so he's not out there a danger to someone. Maybe potentially to himself with such conduct, but, he, that's just what's alleged.

The court declined to reduce Tarver's bond, citing his criminal history and that

> whether this was a BB gun, a pellet gun, or a 44 magnum, it's [sic] really makes no difference. He's charged with an armed robbery. It's what a reasonable individual would believe that gun might be, and -- and the motion to reduce the defendant's bond will be overruled at this time.

## Prejudice

A defendant who perceives prejudice usually objects, especially if something impairs his defense as Tarver now claims of this variance. Yet Tarver's lawyer did the opposite, stating he had "no objection" to any proposed instruction, even (to quote Tarver's brief) after "the trial court noted that the state's verdict director used different language than that used in the amended information."

Two other circumstances further undercut Tarver's unconvincing prejudice claim. First, Tarver's defense theory – that he robbed no one, but was set up by law-enforcement zealots – would have won under either variance scenario had jurors believed it. "In view of this theory of defense, the variance could not have been prejudicial." **State v. Dean**, 382 S.W.3d 218, 225 (Mo.App. 2012). Second, a timely variance objection could and likely would have been quickly cured,[3] followed by use of the same instructions under which jurors found Tarver guilty in only 15 minutes.

## Conclusion

Tarver has not shown the variance was material or prejudicial, much less a manifest injustice or miscarriage of justice warranting plain-error relief. We affirm the judgment and conviction.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[3] Rule 23.08 authorizes amendment of any information "at any time before verdict" if no additional or different offense is charged (not an issue here) and a defendant's substantial rights are not thereby violated. Because Tarver long knew this was a BB gun case and the variance did not affect his defense theory, a correcting amendment would not violate his substantial rights. "Loss of a technical defense is not the type of prejudice referred to under Rule 23.08." **State v. Endicott**, 881 S.W.2d 661, 664 (Mo.App. 1994). "An amendment proper under Rule 23.08 may be made to conform the information to the evidence." **State v. Walter**, 918 S.W.2d 927, 929 (Mo.App. 1996)(approving charge amendment after state rested its case). *See also* **State v. Bratton**, 779 S.W.2d 633, 634-35 (Mo.App. 1989)(approving charge amendment "after the instructions had been read but before the case was submitted to the jury," *id.* at 634).