STATE of Missouri, Respondent,

v.

Steve MORGAN, Appellant.

No. 44559.

Missouri Court of Appeals,
Eastern District, Division Four.

Nov. 30, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1983.

Application to Transfer Denied
Feb. 23, 1983.

David A. Horwitz, Clayton, Craig Stewart Biesterfeld, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of first degree robbery and kidnapping and the judicially enhanced 30-year and 20-year concurrent sentences. We affirm.

The evidence showed the following scenario. At approximately 11:20 p.m. the victim was washing his 1975 gray Cadillac at a car wash on North Kingshighway. He was approached by three men, one armed with a gun, who forced him into the back seat of the automobile. Defendant, with the gun, got in the back seat with the victim; the other two men got in the front seat. The car drove off and defendant took the victim's watch and approximately $50 from the victim. After driving for about 10 minutes, the car stopped at Lewis Place and the victim was forced into the trunk of the car. The car was driven around for approximately two hours and at one point the victim was tied and blindfolded. Eventually the victim was taken to a garage near Goodfellow and Martin Luther King Drive where he was left after his abductors piled things from the garage on top of him. The three men left in the victim's car; he freed himself and called police. Roughly 20 minutes later two people in an apartment on McPherson Avenue saw three men exit from a 1975 gray Cadillac and begin to tamper with automobiles on the apartment-house parking lot. Police were called and defendant was arrested on the parking lot. He was identified at the scene by the apartment dwellers as the driver of the Cadillac, and several hours later by the victim at a

lineup as the man with the gun who had robbed him. Defendant testified that he was somewhere else at the time of the robbery and kidnapping and that he was an innocent pedestrian when arrested on the parking lot.

■ All of defendant's contentions on appeal are based upon claims of plain error either because no objection was made at trial or because the matter was not raised in the motion for new trial or both. A claim of plain error requires us to find manifest injustice or miscarriage of justice to warrant reversal.

■ Defendant first attacks the victim's lineup identification on the basis of suggestiveness because defendant was the only participant in the lineup without a shirt and because the victim was advised that a suspect would be in the lineup. No motion to suppress the lineup was made at or prior to trial and no objection to identification was made at trial. The factors to be weighed in determining whether, under the totality of the circumstances, the identification was reliable all bespeak reliability. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) [6–11]; *State v. Carter,* 572 S.W.2d 430 (Mo. banc 1978) [8]; *State v. Robinson,* 641 S.W.2d 423 (Mo. banc 1982). We find no need to review the evidence which shows such reliability. We also find no improper suggestiveness. The gunman who held up the victim was described by the victim as wearing a flowered shirt. The shirtless condition of defendant at the lineup did not relate to a feature which distinguished the perpetrator of the crime, and we are unable to conclude that it was any more suggestive than the "Warriors" T-shirt worn by another participant in the lineup. It also was the condition in which defendant was arrested so there is no indication of police conduct intended to prejudice defendant. We also think it reasonable to believe that any one brought to a police station to view a lineup thinks that the lineup contains a suspect, otherwise why have a lineup at all. We are unable to see how this belief creates legal suggestiveness.

■ Defendant next contends that the evidence was insufficient to support the conviction because (1) it failed to link defendant to the crime, (2) it failed to establish venue and, (3) it did not support a finding that the kidnapping was for the purpose of facilitating flight after commission of the crime of robbery because the kidnapping occurred before the robbery. The first point is based upon the invalidity of the victim's identification of defendant. Having found no merit to that contention, we find no merit to this point.

■ The second point is based upon the absence of any direct reference to the City of St. Louis as the scene of the crime. There were however references to activities connected with the crimes occurring at Kingshighway, Enright, Lewis Place, Goodfellow, Wells, and Martin Luther King Drive, all prominent streets in the City of St. Louis, and references to the Eighth and Ninth Police Districts—commonly known to residents of St. Louis. This evidence was sufficient to establish circumstantially that the crimes took place in the City of St. Louis. *State v. Valentine,* 506 S.W.2d 406 (Mo.1974) [4–7]; *State v. Vincent,* 582 S.W.2d 723 (Mo.App.1979) [1–3].

■ The third point assumes that Sec. 565.110.1(4) requires that the kidnapping as charged and submitted here occur after the robbery. It does not. The kidnapping as charged must be "for the purpose of . . . facilitating . . . flight thereafter [the commission of any felony]." Under the facts here a jury could find that the intent to rob was formed prior to the kidnapping and that part of the purpose of the planned kidnapping was to delay reporting of the crime by the victim in order to facilitate the perpetrators' flight. We find no insufficiency of evidence.

■ Defendant premises error on two unobjected to statements in argument by the state. We find no plain error in either statement. *State v. Cage,* 452 S.W.2d 125 (Mo.1970) [6, 7]; *State v. Nauman,* 592 S.W.2d 258 (Mo.App.1979) [8]; *State v. Ball,* 622 S.W.2d 285 (Mo.App.1981) [10]; *State v.*

*Burroughs,* 559 S.W.2d 42 (Mo.App.1977) [3–5]. Neither statement was so noticeably improper or prejudicial as to warrant a mistrial *sua sponte* by the trial court, and defendant's failure to object gave the trial court no opportunity to grant other relief to lessen the impact of the statements.

■ Finally defendant complains about the trial court's failure to define "purpose" and "serious physical injury" in the instructions. "Purpose" is not required to be defined in the absence of a request which was not made here. MAI–CR2d 23.02 Note on Use 3.

■ The robbery first degree charge was based upon defendant's use of a deadly weapon not the infliction of serious physical injury. "Serious physical injury" was not used in the robbery instruction. Therefore definition of that term was not required under MAI–CR2d 23.02 Note on Use 3. MAI–CR2d 19.20.2, the verdict director for kidnapping, as used in this case, utilizes the phrase "forcible compulsion." That phrase, which requires definition, 19.20.2 Note on Use 3, and which was defined here, includes within that definition "serious physical injury." But 19.20.2, unlike 23.02 and 20.02.1 (Rape), does not require definition of "serious physical injury" or even, for that matter, authorize its definition. *State v. Ogle,* 627 S.W.2d 73 (Mo.App.1981), a rape case, is therefore not controlling here. *See also State v. Rodgers,* 641 S.W.2d 83 (Mo. banc 1982). It was not error, much less plain error, for the trial court to follow 19.20.2.

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.