**STATE of Missouri, Respondent,**

v.

**Autry Gene ROBINSON, Appellant.**

**No. 45606.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Motion For Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer
Denied May 31, 1983.

**12**

Hale W. Brown, Kirkwood, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

REINHARD, Judge.

A jury convicted defendant of assault in the second degree in violation of § 565.060.- 1, RSMo. 1978. The trial court found defendant to be a prior offender and sentenced him to three years' imprisonment. Defendant appeals. We affirm.

The state's evidence showed that defendant had been living in the home of the victim, Byron Kizer, and the victim's girlfriend, Norma Robinson, who was also the defendant's cousin. Byron and Norma wanted defendant to move out of their home. Defendant came home after midnight on November 11, 1981, and found his clothes and other belongings piled up outside the house. He went into the house to inquire and got into a heated argument with Byron and Norma. During the argument, defendant threatened Byron with a knife. Then, as defendant was leaving, he threw a drinking glass at Byron, who was standing a few feet away. The glass struck Byron in the chest and caused a rather severe cut. There was evidence suggesting that defendant had broken away part of the glass before he threw it. Defendant attempted to prove self-defense, however, he admitted throwing the glass.

The court gave the following instructions, among others, to the jury:

Instruction 5

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

That on or about the 11th day of November, 1981, in the County of Cape Girardeau, State of Missouri, the defendant knowingly caused physical injury to Byron S. Kizer by means of a dangerous instrument,

then you will find the defendant guilty under Count I of assault in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense. (MAI–CR2d 19.04.2)

Instruction 4

The following term as used in these instructions is defined as follows:

DANGEROUS INSTRUMENT:

Means any instrument, article or substance which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury. (MAI–CR2d 33.01).

The court also gave an instruction on third degree assault. It did not, however, give an instruction defining the phrase serious physical injury contained in Instruction 4. Neither party requested such an instruction.

Paragraph 3 of the "Notes on Use" accompanying MAI–CR2d 19.04.2 provides that the court must define serious physical injury if that term is used in *any* instruction regardless of whether the definition is requested. The phrase serious physical injury was used in Instruction 4 which defined dangerous instrument. The "Notes on Use" provide that the court must give a definition of dangerous instrument *only* if such definition is requested by one of the parties. The state did request a definition of dangerous instrument and thereby gave rise to a requirement that that term and serious physical injury be defined.

In his sole point on appeal, defendant alleges the trial court erred in failing to give an instruction defining serious physical

injury. Defendant concedes that this point was not properly preserved for appeal, but urges us to consider it under the plain error standard.

"For instructional errors to rise to the level of 'plain error,' the trial court must have so misdirected or failed to instruct the jury as to cause 'manifest injustice.' *State v. Murphy,* 592 S.W.2d 727, 733 (Mo.banc 1979)." *State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982). The reviewing court must examine the facts and circumstances to determine whether plain error exists. *State v. Sanders,* 541 S.W.2d 530, 533 (Mo.banc 1976).

We conclude the trial court's failure to define serious physical injury was error. *State v. Rodgers,* 641 S.W.2d 83, 85 (Mo. banc 1982). However, our review of the record indicates no manifest injustice. Therefore, we will not invoke the plain error rule.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.