STATE of Missouri,
Plaintiff-Respondent,

v.

Kevin Lamar WINSTON,
Defendant-Appellant.

No. 46371.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Robert J. Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his jury conviction for first degree robbery, a violation of § 569.020, RSMo. 1978. The court found defendant to be a persistent offender and sentenced him to a term of 30 years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. On October 26, 1981, a man later identified as defendant entered the Arnold Palmer Cleaners in Berkeley, Missouri under the guise of obtaining the clothes of another person. He left after the clerk refused to release the clothes without a claim check.

However, he returned fifteen minutes later and, after claiming that he had a claim check, pulled a knife from his jacket pocket. The defendant held the knife to the clerk's face and demanded money. During the ensuing struggle, the clerk sustained two cuts on her back, one on her stomach, one on a finger and a bite on her right arm. Finally, the clerk pushed the defendant against the counter; he fell to the floor when his shirt caught on a laundry hook. The clerk then ran to a nearby store for help. As she and the store owner returned, they saw the defendant exit the store and run through an adjacent parking lot, with money in his hand.

When police arrived, the clerk described her assailant as wearing black pants, a black velour shirt (which was ripped in the scuffle) and a black leather jacket. Another witness gave police the license plate number of an automobile which left the vicinity of the crime. This witness testified that he copied down the license plate number after seeing a man dressed in black flee the store, run down the street, and jump into this vehicle.

Armed with this information, police traced the license plate number and, within hours of the time the crime was committed, approached the residence of the registered owner. In front, they saw an automobile like that described, bearing the same license plate number. Defendant was among those present in the house and, at that time, was attired in a black shirt with an eight inch tear and black pants. Although he was not the owner of the car, he admitted to having driven it all day.

The clerk positively identified the defendant. The witness, moreover, identified the car as the one which he saw leave the scene of the crime.

Defendant's sole point on appeal is to challenge the first degree robbery instruction. The robbery instruction appeared as follows:

INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that between the hours of 2:00 p.m. and 3:00 p.m. on October 26, 1981, in the County of St. Louis, State of Missouri, the defendant stole lawful money of the United States in the possession of Cathy Jo Bonney, and

Second, that the defendant in doing so threatened the immediate use of physical force on or against Cathy Jo Bonney for the purpose of overcoming resistance to the taking of the property, and

Third, that in the course of stealing the property, the defendant used or threatened the immediate use of a *dangerous instrument* against Cathy Jo Bonney, then you will find the defendant guilty of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense. (MAI–CR2d 23.02) (emphasis added).

Defendant makes the attenuated argument that this instruction is erroneous since it does not define "dangerous instrument" and, had it defined dangerous instrument, its definition would have included the phrase "serious physical injury," which must be defined whenever used. Thus, he points to the failure to define "serious phys-

ical injury" as prejudicial error. We find no merit to his contention.

 Paragraph 3 of Notes on Use accompanying MAI–CR2d 23.02 provides that "dangerous instrument" need only be defined if requested by one of the parties. *See State v. Robinson,* 650 S.W.2d 11, 12 (Mo.App.1983). Here, neither party requested such a definition. Under these circumstances, the failure to define "dangerous instrument" clearly is not error.

 Furthermore, because a definition of "dangerous instrument" was not requested, it was not incumbent upon the trial court to define "serious physical injury." Granted, the term "serious physical injury" must be defined whenever used, whether requested or not. MAI–CR2d 23.02 Note on Use 3; *see State v. Robinson,* 650 S.W.2d at 12. However, in the present case, the only application of the term "serious physical injury" to the challenged instruction was as part of the unrequested definition of "dangerous instrument." Since no definition of the latter was requested, no duty to define the former arose. Accordingly, the court's failure to instruct on "serious physical injury" cannot be deemed error. *State v. Morgan,* 645 S.W.2d 134, 137 (Mo.App.1983).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.