STATE of Missouri, Plaintiff–Respondent,

v.

Roy Dale BRADSHAW, Jr., Defendant–Appellant.

No. SD 32485.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 30, 2013.

Jeannie M. Willibey, Kansas City, MO, for appellant.

Timothy A. Blackwell, Jefferson City, MO, for respondent.

MARY W. SHEFFIELD, J.

Roy Dale Bradshaw, Jr. ("Defendant") was convicted in a court-tried criminal case of 18 criminal offenses arising out of events that occurred on May 7, 2008. Among those convictions were three counts of kidnapping. *See* § 565.110.1(4).[1] Defendant appeals, arguing there was insufficient evidence to support the three kidnapping convictions. Defendant's argument is without merit, and his convictions and sentences are affirmed.

### Standard of Review

"In reviewing the sufficiency of evidence in a court-tried criminal case, the standard of review is the same as in a jury-tried case." *State v. Breedlove,* 348 S.W.3d 810, 814 (Mo.App.S.D.2011). That is, this Court must "determine if a reasonable juror had enough evidence to find the defendant guilty beyond a reasonable doubt." *State v. Agee,* 350 S.W.3d 83, 88 (Mo.App. S.D.2011). "This Court views 'the evidence in the light most favorable to the judgment, disregarding any contrary evidence and granting the State all reasonable inferences from the evidence.'" *Id.* (quoting *State v. Johnson,* 244 S.W.3d 144, 152 (Mo. banc 2008)).

### Factual and Procedural Background

On May 7, 2008, Albert Shomaker ("Albert")[2] returned home early after a doctor's appointment. When he arrived at his home, Defendant and Defendant's girlfriend, Jaclyn Agee ("Agee"), were inside the home. They were armed with guns and ordered Albert to go into the bedroom of the home where they tied him up and forced him to give them all his money.

That evening, Diane Ledgerwood ("Ledgerwood"), Albert's girlfriend, arrived at the home. Kenneth Shomaker ("Kenneth") and his girlfriend Leeoma Vinson ("Vinson"), arrived about the same time. Ledgerwood entered the residence first, followed by Kenneth and Vinson. Ledgerwood went down the hallway toward the bedroom but immediately came back out, screaming "... call the cops. They got guns." Defendant followed her and shot her in the back. Ledgerwood sustained massive injuries and died almost immediately.

After dark, Defendant and Agee made Albert, Kenneth, and Vinson get into a car. Ledgerwood's body was placed in the trunk. Defendant drove, while Agee kept her gun trained on the three victims who were in the back seat. Eventually, Defendant stopped the car on an old gravel road and released Kenneth and Vinson. Defendant and Agee got back in the car with Albert. Agee still had the gun trained on Albert. They drove around until the car ran out of gas. Albert helped Defendant

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp. (2013).

2. As two of the victims share the same last name, their first names are used for clarity. No disrespect is intended.

and Agee try to set the car on fire, and then the three separated.

Albert ran to the nearest house he could find, got a ride back into town, and contacted the authorities. Authorities located the car, which had some smoke damage but had not burned. They located Ledgerwood's body in the trunk. Defendant and Agee were arrested the next morning. In a statement to police, Defendant admitted breaking into Albert's home, taking property, and shooting Ledgerwood.

Defendant was charged with one count of murder in the second degree, one count of first-degree burglary, one count of first-degree robbery, three counts of felonious restraint, three counts of kidnapping, and nine counts of armed criminal action. Each of the kidnapping charges contained the additional allegation that the kidnapping was committed "for the purpose of facilitating the commission of the felony of murder in the first degree of Diane Ledgerwood."

Defendant waived his right to a jury trial and was tried in a bench trial. At trial, Defendant claimed there was insufficient evidence for the kidnapping charges because the evidence showed Defendant and Agee took the three victims from the home in order to release two of the victims, Kenneth and Vinson, not to facilitate the murder of Ledgerwood. At trial the Defendant never raised the disparity of the murder charge (murder in the second degree) and the kidnapping charges which

referred to kidnapping pursuant to murder in the first degree.

The trial court found Defendant guilty of all 18 charges. This appeal followed.

### Discussion

In his sole point on appeal, Defendant argues there was insufficient evidence to support his three convictions for kidnapping because the State's amended information charged the crimes of kidnapping were committed for the purpose of facilitating first-degree murder whereas the judge found Defendant guilty of second-degree murder as charged. We disagree.

"The Due Process Clause of the United States Constitution requires that the State prove each element of the charged offense beyond a reasonable doubt." *State v. Bush*, 250 S.W.3d 776, 780 (Mo.App.S.D.2008). As charged in the present case, "[a] person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found ... for the purpose of ... [f]acilitating the commission of any felony or flight thereafter[.]" § 565.110.1(4). Defendant does not challenge the sufficiency of the State's proof that he unlawfully removed the victims without their consent from the place where they were found, nor does he argue that the evidence was insufficient to prove the kidnappings were committed for the purpose of facilitating the crime of second-degree murder.[3] In fact, Defen-

---

3. Such a claim would be without merit in any event. In addressing the issue of whether a kidnapping is committed for the purpose of facilitating the commission of any felony or flight thereafter, one factor Missouri courts look at is whether the asportation delayed the victim's ability to report the crime to the police. *See, e.g., Agee*, 350 S.W.3d at 89 (finding in the companion case involving Agee that the record supported the proposition that Defendant and Agee "elected to take their vic-

tims deep into the woods and release them in order to delay their victims' abilities to alert the authorities to the crimes committed"); *State v. Morgan*, 645 S.W.2d 134, 136 (Mo. App.E.D.1982). Here, Defendant and Agee took the victims from Albert's home and released them some distance away from where the crimes had been committed. This action delayed the victims' ability to report the crime and thus facilitated Defendant's flight. There

dant concedes "[t]he State could have charged [Defendant] with kidnapping under subparagraph (4) of Section 565.110, RSMo, by removing the three victims for the purpose of facilitating the felony of *second degree murder*." Defendant merely contends the evidence was insufficient because the State failed to prove the precise details alleged in support of the kidnapping counts. But such proof was not necessary to sustain Defendant's convictions.

■ "The purpose of an indictment is to enable the accused to make his defense and to enable him to assert double jeopardy in bar of a further prosecution[.]" *State v. Nelson*, 334 S.W.3d 189, 197 (Mo. App.W.D.2011) (quoting *State v. Dayton*, 535 S.W.2d 469, 478 (Mo.App.K.C.D.1976)). Thus, so long as the act proven falls within the statutory definition and the charging document informs the accused of that charge, inclusion of details of the commission of the offense is mere surplusage. *Id.* "The State is not required to prove surplus language in the information." *Id.*

Here, the language of the indictment informed Defendant of the offenses charged with respect to each victim, and the facts ultimately proved fell within the statutory definition of the offense. *See* § 565.110.1(4) (kidnapping can be supported if the acts were committed to facilitate "the commission of *any* felony") (emphasis added). There was sufficient evidence to support Defendant's convictions for kidnapping.

■ In reality, Defendant is simply attempting to cast his unpreserved claim of variance as a claim of insufficient evidence. *See, e.g., Nelson*, 334 S.W.3d at 197; *State v. Dean*, 382 S.W.3d 218, 223 (Mo.App.S.D. 2012). Defendant did not object to any alleged variance at trial. Thus, the claim

was sufficient evidence to support Defen-

is unpreserved, and only plain error review is available.

■■ Plain error review is discretionary and involves a two-step process. *Id.* at 223–24. "First, we determine whether the trial court committed evident, obvious and clear error affecting the defendant's substantial rights." *Id.* at 224. "If plain error is found, we proceed to the second step to consider whether the error actually resulted in manifest injustice or a miscarriage of justice." *Nelson*, 334 S.W.3d at 197 (quoting *State v. Barnes*, 312 S.W.3d 442, 443 (Mo.App.S.D.2010)). Furthermore, "[a] claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error." *Dean*, 382 S.W.3d at 224 (quoting *State v. Wright*, 216 S.W.3d 196, 199 (Mo.App.S.D.2007)).

■ "A variance is prejudicial only if it affects the appellant's ability adequately to defend against the charges[.]" *State v. Neal*, 362 S.W.3d 39, 45 (Mo.App.S.D.2012) (quoting *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992)). Notice is essential to the ability to prepare a defense. *See, e.g., State v. Love*, 88 S.W.3d 511, 515 (Mo.App. S.D.2002) (quoting *State v. Stein*, 876 S.W.2d 623 (Mo.App.E.D.1994)). Generally speaking, "[e]very information or indictment puts the defendant on notice, for due process purposes, of all offenses included in the offense charged." *State v. Kohser*, 46 S.W.3d 108, 113 (Mo.App.S.D.2001) (quoting *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. banc 1999)). The charge of kidnapping for the purpose of facilitating first-degree murder put defendant on notice that he could be convicted of kidnapping for the purpose of facilitating second-degree murder. *See* § 565.025.2(2)(a). Defendant has not shown error, plain or otherwise.

Defendant's sole point is denied.

dant's convictions for kidnapping. *See id.*

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, P.J., and DON E. BURRELL, J., concur.