

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff-Respondent,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. SD36979
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ALEJANDRO FLORES-MARTINEZ,⠀)⠀⠀⠀⠀**Filed: September 12, 2022**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant-Appellant.⠀⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

The Honorable Michael M. Pritchett, Judge

### <u>REVERSED AND REMANDED</u>

Following a bench trial, the trial court found Alejandro Flores-Martinez ("Defendant") guilty of sexual abuse in the first degree, and sentenced him to seven years in prison. Defendant appeals his conviction and, in two points, claims (1) the trial court erred in permitting the State to amend the then current charging document on the morning of trial before opening statements to the prejudice of Defendant's substantial rights; and (2) the evidence was insufficient to prove beyond a reasonable doubt that Defendant committed the charged offense by the use of forcible compulsion. We reject both of Defendant's claims, but reverse *sua sponte* and remand for a new trial because the trial court failed to obtain a valid waiver of Defendant's right to a trial by jury.

1

## Facts and Procedural Background

In July 2019, Defendant was charged by information with "sexual abuse in the first degree" "in that on or about December 14, 2018, . . . the defendant knowingly had sexual contact with . . . Victim by use of forcible compulsion by grabbing her from behind and forcing his genitals to touch her anus through the clothes . . . ."  Although the record does not show a waiver by Defendant of his right to a trial by jury, the trial court scheduled Defendant for a bench trial (first for April 23, 2020, then for June 25, 2020, and finally for August 6, 2020).  On the morning of trial on August 6, 2020, and before opening statements or the presentation of any evidence, the State sought and obtained - over Defendant's objection - permission to amend the information to delete the word "anus" from the charging language.  In the course of ruling on the State's request, the following colloquy occurred:

> The COURT:  . . . Also there has been filed an Amended Information.  Is there objection to that Amended Information, [defense counsel]?
>
> [Defense Counsel]:  Judge, I will object to the Amended Information as we have prepared for this case with the Information that we have been given all along, and changing it at the last minute, as well as endorsing someone at the last minute,[1] I would just object for [Defendant] to receive a fair trial.
>
> THE COURT:  [Prosecutor].
>
> [Prosecutor]:  Your Honor, as the Court is well aware Supreme Court Rule 23.08 states:  Any information may be amended or information may be substituted for an indictment at any time before verdict finding if: (a) No additional or different offense is charged -- which certainly is not the case here and (b) A defendant's substantial rights are not thereby prejudiced.

---

[1] Moments before, defense counsel stated "Judge, I won't object" to the prosecutor's motion to endorse that was filed the day before trial.

Judge, because the State isn't changing the substantive nature of this charge I don't believe that his rights are substantively prejudiced by the Amended Information, it was before the case started, and I would ask the Court to go ahead and allow the Amended Information.

THE COURT: Anything else on that, [defense counsel]?

[Defense Counsel]: Judge, the original Information says forcing his genitals to touch her anus, and the Amended says forcing his genitals to touch her through her clothes and, that's a pretty big substantial difference in what the Prosecutor is asking to prove.

THE COURT: Anything else, [prosecutor]?

[Prosecutor]: No, your Honor.

THE COURT: I am going to show the Amended Information – I'll show that it is allowed to be filed by the State over the objection of the Defendant, and I'll keep in mind the arguments of defense counsel.

[Defense Counsel]: Thank you, Judge.

Defendant then waived formal arraignment on the amended information, and entered a plea of not guilty. Defendant did not request a continuance of trial to prepare a defense to the amended information. The case proceeded to bench trial.

At trial, Victim testified as follows. Victim turned 17 years old on December 6, 2018. On December 14, 2018, Victim went to a JCPenney store with her grandmother to shop. At some point, Victim's grandmother went to the restroom and Victim went alone to Sephora, a makeup store inside JCPenney. Victim "noticed that [Defendant] was following [her] closely in the store and just making [her] feel uncomfortable." The "closeness" with which Defendant followed was what made Victim feel uncomfortable. Victim did not know Defendant. Defendant was a middle-aged man, and significantly bigger than Victim. Defendant followed Victim "[f]or about five minutes." As Victim went to look at some face masks, Defendant "came up behind [her] and put his hands

3

over [her] eyes and pulled [her] into him, and his erect penis went into [her] behind. [She] felt it through his clothes." When Defendant placed his hands over Victim's eyes, Defendant's hands physically touched Victim's face and Victim was not able to see. Victim could not move forward because she was facing store shelving. Defendant's actions were "completely unexpected" and "unwanted," and Victim did not "allow" Defendant to touch her. Defendant's actions "[s]cared" Victim. Defendant did not give Victim a chance to resist the assault. After the assault, Victim immediately turned around to look and swatted at Defendant.

Video-only surveillance tape showing Defendant's actions was played for the trial court.

Defendant chose not to testify, and did not call any witnesses.[2]

Following closing arguments, the trial court took the case under advisement. On October 20, 2020, the trial court found Victim's testimony "to be credible" and found Defendant guilty of sexual abuse in the first degree. On December 15, 2020, the trial court sentenced Defendant to seven years in prison.

## Analysis

Defendant's two points claim the trial court erred by permitting the State to amend the then current charging document on the morning of trial before opening statements to the prejudice of Defendant's substantial rights and challenges the sufficiency of the evidence to sustain his conviction, specifically that the evidence was

---

[2] The trial court denied motions for judgment of acquittal based at least in part on the insufficiency of the evidence to show forcible compulsion at both the close of the State's evidence and the close of all the evidence.

4

insufficient to prove beyond a reasonable doubt that Defendant committed the charged offense by the use of forcible compulsion. While this Court determines neither of Defendant's points have merit and do not require reversal, this Court exercises its discretion and grants plain error review *sua sponte.*

*The Trial Court Committed Plain Error in Failing to Obtain Defendant's Personal Waiver of his Right to a Trial by Jury, and that Error Merits Sua Sponte Reversal if and only if the Evidence at Trial Was Sufficient*

Defendant did not raise the trial court's failure to obtain Defendant's personal waiver of his right to a trial by jury in his initial briefing before this Court. Our review of the record on appeal raised the question of whether Defendant waived his right to jury trial and we ordered Defendant to file a supplemental transcript containing the proceedings of a November 5, 2019 hearing, reflected in the docket in the underlying case as "Hearing Held . . . Defendant in person and with Attorney Matt Edmundson, PA Kacey Proctor; case continued to 04/23/2020 for bench trial. MMP[.]"[3] This Court received certification from the trial court's official court reporter stating:

> This is to certify that a casenet entry dated November 5, 2019, referencing "Hearing held" is not accurate. No hearing on the record was held on that date. The attorneys for the parties and Defendant appeared and agreed to schedule the bench trial on April 23, 2020. There was no transcript prepared in connection with these proceedings."

This Court then issued our show cause order requesting written suggestions discussing the effect, if any, of the deficiency in the record.

---

[3] Up until the November 5, 2019 hearing, all previous docket entries reflecting appearances in the underlying case indicated the case as being continued or reset to another date "for plea or trial setting." There is no indication in the entire docket that Defendant waived his right to jury trial.

Defendant, who was legally present in the United States on a work visa at the time the alleged offense occurred and at trial, filed his response requesting reversal based upon the trial court's plain error of failing to secure Defendant's free, voluntary, and intelligent waiver of his right to trial by jury, and on Defendant's asserted (1) unfamiliarity with a legal system that grants a defendant in a criminal case the right to a trial by jury, and (2) difficulty with the English language, which was his second language. We exercise our discretion to engage in plain error review *sua sponte*, and conclude that the trial court's failure to obtain Defendant's personal waiver of his right to a trial by jury violated Defendant's federal and state constitutional right to a trial by jury and merits reversal of the trial court's judgment *if and only if* the evidence presented at trial was sufficient to permit a reasonable fact-finder to find Defendant guilty of sexual abuse in the first degree.

<u>Standard of Review</u>

> Plain error review is two-pronged: (1) consider the facts and circumstances to facially determine if there was plain error, i.e., evident, obvious, and clear error, and (2) determine whether a manifest injustice or miscarriage of justice occurred. *State v. Presley*, 585 S.W.3d 400, 402-03 (Mo. App. 2019).

**State v. Pliemling**, 645 S.W.3d 86, 91 (Mo. App. S.D. 2022). Further:

> Plain error review is at the discretion of the appellate court. [*State v. Brandolese*, 601 S.W.3d 519,] 526 [(Mo. banc 2020)]. Even in the absence of a request, we may exercise our discretion to engage in plain error review *sua sponte*. *State v. Snyder*, 592 S.W.3d 375, 379 n.4 (Mo. App. 2019); *State v. Ingalsbe*, 557 S.W.3d 515, 520 (Mo. App. 2018). Plain error review is the exception rather than the rule, and *sua sponte* plain error review is even rarer still.

*Id.* at 89.

In every criminal case in Missouri, a defendant charged with a felony has guaranteed to him a federal and state constitutional right to have a trial by jury.  The State has the burden to prove, beyond a reasonable doubt, that the defendant committed the crime charged, and the defendant is entitled to have a jury of his peers determine whether the State has met its burden of proof and announce his guilt or innocence *unless* trial by jury is waived as provided by Rule 27.01.  Specifically, Rule 27.01, Missouri Court Rules (2020), provided:

> (a)  All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this Rule.

> (b)  The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury,  In felony cases such waiver by the defendant shall be made in open court and entered of record.

During the time we were deciding this case, the Eastern District of our Court decided a very similar case, also exercising its discretion to engage in plain error review, regarding a defendant's lack of jury trial waiver.  In ***State v. Hilbert***, No. ED109608, 2022 WL 2308663 (Mo. App. E.D. June 28, 2022), the defendant requested plain error review of the trial court "proceeding to a bench trial without an unmistakably clear and constitutionally sufficient waiver from [the defendant] of his right to a jury trial."  ***Id.*** at *2.  With a more detailed record with regard to jury waiver than the one presented to us here, in ***Hilbert***, (1) the defendant sat through a portion of *voir dire* at an earlier trial before the trial court dismissed the jury panel following improper questioning by the attorneys; (2) defense counsel, in the presence of the defendant, told the trial court at a subsequent pre-trial hearing that defense counsel wanted "a bench trial instead of a jury

7

trial;" (3) at the close of the State's evidence in the bench trial, defense counsel, in response to a question from the prosecutor, replied that a written waiver of a jury trial "had not been filed, but [defense counsel] intended to file a written waiver at some point in the future" (the defendant never signed a written waiver, and no written waiver ever was filed with the trial court); and (4), following sentencing, the defendant declined to answer questions from the trial court related to the defendant's "rights in a jury trial rather than in a bench trial, *id.* at *2, and the Eastern District held:

> Every criminal defendant in Missouri – including a defendant like the one in this case who has been charged with very serious felonies – has a federal and state constitutional right to have a jury decide his guilt or innocence. Although a defendant in a felony case may waive his right to a jury trial with consent of the court, the waiver is constitutionally sufficient only if the record shows with unmistakable clarity that the waiver was made by the defendant himself knowingly, voluntarily, and intelligently; in other words, the record must show a fully informed and publicly acknowledged consent of the defendant and a personal communication of the defendant to the court that he chooses to relinquish the right to a jury trial. For the reasons discussed below, we find no such unmistakably clear and constitutionally sufficient waiver occurred in this case, and, therefore, the trial court plainly erred in holding a bench trial.

*Id.* at *1 (footnotes, internal citations and brackets all omitted). The Eastern District further held:

> Therefore, a court commits evident, obvious, and clear error by proceeding to a bench trial in the absence of any specific indication that a defendant himself knowingly, voluntarily, and intelligently waived his right to a jury trial. Moreover, this violation of a defendant's constitutional right to a jury trial is a manifest injustice and entitles the defendant to plain-error relief.

*Id.* at *3 (internal citations omitted); *see also* **State v. Feldt**, 512 S.W.3d 135, 143 (Mo. App. E.D. 2017) ("Violation of the defendant's constitutional right to a jury trial constitutes manifest injustice under plain error review.").

8

In this case, other than Defendant's presence at the bench trial, notations in the docket sheet that the trial court set the case for a bench trial, and defense counsel's acknowledgement in a motion for continuance that the case was set for a bench trial and request that the matter "be continued to a date certain," the record is void of anything that indicates Defendant was aware of, or personally waived, his right to a trial by jury. The record certainly fails to meet the high bar which requires the Defendant knowingly, voluntarily, and intelligently waive his right to jury trial. This violation of Defendant's constitutional right is manifest injustice without any further analysis of the manifest injustice component of plain error review being necessary. The trial court's failure to obtain Defendant's personal waiver of his right to a trial by jury entitles Defendant to plain-error relief. Further, the facts unique to this case include Defendant's asserted (1) unfamiliarity with a legal system that grants a defendant in a criminal case the right to a trial by jury, and (2) difficulty with the English language, which was his second language. Because the right to trial by jury is the foundation of our criminal justice system, and even though *sua sponte* plain error review is more rare than requested plain error review, justice requires it under the facts of this case.[4] The trial court's plain error merits the exercise of our discretion *sua sponte* to reverse the trial court's judgment and remand for a new trial *if and only if* the evidence at trial was sufficient to permit a reasonable fact-finder to find Defendant guilty of sexual abuse in the first degree.

---

[4] Defendant requested plain error review on this jury trial waiver issue in his response to this Court's show cause order but not in his Appellant's Brief.

*Evidence Was Sufficient To Permit a Reasonable Fact-Finder To Find*
*Defendant Guilty Beyond a Reasonable Doubt of Sexual Abuse in the First*
*Degree*

Because Defendant raised a sufficiency of the evidence claim in his second point

relied on, due process and the double jeopardy clause require this Court to review and

decide this issue. If the State's evidence was insufficient to permit a reasonable fact-

finder to find Defendant guilty beyond a reasonable doubt for the crime of sexual abuse

in the first degree, the State does not get a second bite at the apple to secure a conviction

of Defendant with different or additional evidence not presented at the first trial. As the

Eastern District has explained:

> We are convinced that Feldt is entitled under principles of due process to
> the appellate review he requests of whether the State brought sufficient
> evidence to convict him on Count I. This is true even though he has raised
> other points on appeal, one of which—the denial of his right to a jury trial—
> we have concluded calls for reversal and remand for a new trial here. For
> if we declined to address this point and the State in fact had failed to bring
> constitutionally adequate evidence to support Feldt's conviction, it would,
> as observed by the Arkansas Supreme Court in *Harris v. State*, 284 Ark.
> 247, 681 S.W.2d 334, 335 (1984) (citing *Burks v. United States*, 437 U.S.
> 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)) (holding that an appellant who has
> challenged the sufficiency of the evidence, along with other assignments of
> error, is entitled to have that issue decided before the case is reversed and
> remanded on other grounds, so long as such review does not prejudice the
> state or defendant), "defeat the purpose of the double jeopardy clause if the
> prosecution were afforded a second opportunity to supply evidence it had
> failed to muster in the first trial."

*Feldt*, 512 S.W.3d at 154-55.

<u>Offense Properly Charged and Tried</u>

In deciding the sufficiency of the evidence, we must first determine the offense

for which Defendant properly was charged and tried.[5] This also addresses Defendant's

---

[5] In *Feldt*, the Eastern District also reviewed an oral amendment to the charging document "just
before . . . trial began," and held that the trial court did not abuse its discretion in permitting the

10

first point on appeal – that the trial court erred in allowing the State to amend the information the morning of trial to the prejudice of Defendant's substantial rights. In July 2019, Defendant was charged by information with "sexual abuse in the first degree" "in that on or about December 14, 2018, . . . the defendant knowingly had sexual contact with . . . Victim by use of forcible compulsion by grabbing her from behind and forcing his genitals to touch her anus through the clothes . . . ." On the morning of trial on August 6, 2020, before opening statements or the presentation of any evidence, the State sought and obtained - over Defendant's objection - permission to amend the information to delete the word "anus" from the charging language.

As provided in Rule 23.08, Missouri Court Rules (2022):

> Any information may be amended or an information may be substituted for an indictment at any time before verdict or finding if:
>
> (a) No additional or different offense is charged, and
>
> (b) A defendant's substantial rights are not thereby prejudiced.
>
> No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare a defense by reason of such amendment or substitution.

Further:

> "This Court reviews a trial court's decision to allow an amendment of a charging document for abuse of discretion." *State v. Seeler*, 316 S.W.3d 920, 925 (Mo. banc 2010) (citing *State v. Smith*, 242 S.W.3d 735, 742 (Mo. App. S.D. 2007)). "An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Fassero*, 256 S.W.3d 109, 115 (Mo. banc 2008) (internal quotations and citations omitted).

---

amendment even though the court also concluded the denial of Feldt's right to a jury trial required reversal. *Feldt*, 512 S.W.3d at 149, 148-51.

***State v. Canaday***, 476 S.W.3d 346, 349 (Mo. App. W.D. 2015).

Section 566.100.1, RSMo (2016), in relevant part provides, "A person commits the offense of sexual abuse in the first degree if he or she subjects another person to sexual contact . . . by the use of forcible compulsion," and section 566.010(6), RSMo. Supp. 2017, in relevant part provides, "'**Sexual contact**', [means] any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying the sexual desire of any person . . . ." Further, section 556.061(27), RSMo (2016), provides in relevant part, "'**Forcible compulsion**' [shall mean] either: (a) Physical force that overcomes reasonable resistance; or (b) A threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person[.]"

Defendant does not claim that the deletion of the word "anus" caused the amended information to charge an additional or different offense, but rather claims only that the amendment prejudiced his substantial rights "in that the [amendment] substantially changed what the State was required to prove causing" Defendant's "planned defense to no longer be available" and Defendant's "evidence and argument to no longer be applicable."[6] Defendant's argument overlooks that (1) the word anus was not an element of the offense charged in the information and as a result was surplusage and only a technical defense, and (2) the amendment occurred *before* opening statements

---

[6] Defendant expresses his first point relied on slightly differently at two separate places in his brief. We have combined the two expressions in the language quoted in this opinion.

and the presentation of any evidence and *before* Defendant had committed to a defense, or a theory of cross-examination or presentation of evidence.

The offense charged by the information required the State to prove Defendant "touch[ed] . . . another person with the genitals" "by the use of forcible compulsion." Under this offense, the State had to prove that Defendant touched Victim with Defendant's genitals, but was not required to prove the Victim's specific body part touched by Defendant's genitals.[7] While the original information unnecessarily alleged Victim's anus was touched by Defendant's genitals, adding the part of Victim's body touched by Defendant's genitals was mere surplusage and not a required element to be proven by the State. The information informed Defendant that the offense he was charged with required the State to prove beyond a reasonable doubt that Defendant touched Victim with Defendant's genitals through clothing. In these circumstances, the word anus was surplusage and only a technical defense, and its deletion from the information before opening statements did not prejudice Defendant's substantial rights because the deletion did not impair Defendant's available defenses, evidence, or argument.

*Only Surplusage*

As the Eastern District recently observed:

> As Hartwein correctly notes, the State must prove the offense as charged. *State v. Edwards*, 537 S.W.3d 848, 851 (Mo. App. E.D. 2017) (internal citation omitted), *abrogated in part on other grounds by State v. Williams*, 548 S.W.3d 275, 285 (Mo. banc 2018). "[W]here the act constituting the crime is specified in the charge, the State is held to proof of that act, and the defendant may be convicted only on the basis of that act." *Id*. (internal citation omitted). However, as the State accurately observes,

---

[7] Another form of the offense requires the State to prove the defendant in some manner touched a specific part of another person, i.e., the genitals, anus or female breast.

13

not every detail found within a charging document is pertinent to proving an element of the charged offense. *See id*. "Surplusage is the inclusion of words or phrases that are unnecessary to charge the statutory elements of the offense." *State v. Patino*, 12 S.W.3d 733, 738 (Mo. App. S.D. 1999) (internal citation omitted). "The purpose of an indictment is to enable the accused to make [a] defense and to enable him [or her] to assert double jeopardy in bar of a further prosecution[.]" *State v. Bradshaw*, 411 S.W.3d 399, 403 (Mo. App. S.D. 2013) (quoting *State v. Nelson*, 334 S.W.3d 189, 197 (Mo. App. W.D. 2011)); *State v. Edwards*, 510 S.W.3d 374, 379 (Mo. App. E.D. 2017) (quoting *Nelson*, 334 S.W.3d at 197). Thus, "[s]o long as the act proven falls within the statutory definition and the charging document informs the accused of that charge, inclusion of details of the commission of the offense is mere surplusage." *Martinez v. State*, 479 S.W.3d 728, 734 (Mo. App. S.D. 2015) (quoting *Bradshaw*, 411 S.W.3d at 403); *see Edwards*, 537 S.W.3d at 851 (internal citation omitted); *Edwards*, 510 S.W.3d at 379 (quoting *Nelson*, 334 S.W.3d at 197). Importantly, "[t]he State is not required to prove surplus language in the information." *Bradshaw*, 411 S.W.3d at 403 (quoting *Nelson*, 334 S.W.3d at 197); see also Section 545.030.1(14) ("No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: ... (14) [f]or any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged[.]").

***State v. Hartwein***, No. ED 109444, 2022 WL 1739954, at *6 (Mo. App. E.D. May 31, 2022).

Since touching Victim's anus was not an element of the offense charged in the information, inclusion of the word anus in the information was unnecessary to that charge. Consequently, the word "anus" was surplus language and the deletion of the word from the information before opening statements did not prejudice Defendant's substantial rights under Rule 23.08.

*Only a Technical Defense*

"A 'technical defense' is a defense that is immaterial or does not affect substantial rights. BLACK'S LAW DICTIONARY 1463 (6th ed.1990)." ***State v. Seeler***, 316 S.W.3d 920, 927 n.8 (Mo. banc 2010). Further:

14

"Loss of a technical defense is not the type of defense referred to under Rule 23.08." *State v. Endicott*, 881 S.W.2d 661, 664 (Mo.App.1994). The removal of language in the charging document that is unnecessary to the crime charged does not amount to prejudice under Rule 23.08. *State v. Bratton*, 779 S.W.2d 633, 635 (Mo.App.1989).

*Id.*

Again, because the word anus was unnecessary to the offense charged in the information, any defense, evidence, or argument based on an expectation that the State would be unable to prove Defendant touched Victim's anus with his genitals through clothes was only a technical defense. As a result, the deletion of "anus" from the information before opening statements did not prejudice Defendant's substantial rights under Rule 23.08.

### No Prejudice To Defendant's Substantial Rights Under Rule 23.08 Generally

Even if anus was not surplusage and any defense, evidence, or argument based on an expectation that the State would be unable to prove Defendant touched Victim's anus with his genitals through clothes was not a technical defense, the deletion from the information of "anus" on the morning of trial before opening statements did not prejudice Defendant's substantial rights under Rule 23.08 generally. The deletion occurred *before* opening statements and the presentation of any evidence and *before* Defendant had committed to a defense, or a theory of cross-examination or presentation of evidence. In addition, Defendant did not request a continuance under Rule 23.08 "to prepare a defense by reason" of the deletion. In these circumstances, the deletion did not prejudice Defendant's substantial rights under Rule 23.08 generally.

Sufficiency of the Evidence

Having determined the offense for which Defendant was properly charged and tried was the offense set forth in the amended information filed on the morning of trial before opening statements, we now turn to the question of whether the evidence was sufficient for a reasonable fact-finder to find beyond a reasonable doubt Defendant touched Victim with his genitals through clothes by the use of forcible compulsion. Defendant's sole contention is that the evidence was insufficient to show Defendant touched Victim by the use of forcible compulsion.

*Standard of Review*

"In reviewing the sufficiency of the evidence in a court-tried criminal case, the same standard is applied as in a jury tried case." *State v. Niederstadt*, 66 S.W.3d 12, 13 (Mo. banc 2002); Rule 27.01(b). We affirm the trial court's judgment if the State presented sufficient evidence from which a reasonable fact-finder could have found each element of the crime beyond a reasonable doubt. *State v. Cerna*, 522 S.W.3d 373, 378 (Mo. App. E.D. 2017). This Court views all evidence and inferences in a light most favorable to the judgment. *Id*. We will not reweigh evidence and we will disregard contrary evidence and inferences. *Id*.[8]

**State v. King**, 626 S.W.3d 828, 837 (Mo. App. E.D. 2021).

*Discussion*

Because there was no evidence presented at trial of any threat by Defendant placing Victim in reasonable fear of death, serious physical injury, or kidnapping, in order to prove the element of the crime that Defendant used forcible compulsion, the State was required to prove the use of "[p]hysical force that overcomes reasonable

---

[8] In a court-tried case, "a claim that there is insufficient evidence to sustain a criminal conviction is preserved for review [on the merits] without regard to whether it was raised below." **State v. Claycomb**, 470 S.W.3d 358, 359, 361-62 (Mo. banc 2015); Rules 29.11(e)(2) and 30.20, Missouri Court Rules (2022).

16

resistance." Section 556.061(27). "Physical force is simply force applied to the body." ***State v. Niederstadt***, 66 S.W.3d 12, 15 (Mo. banc 2002) (internal quotation marks, alteration and citations omitted); *see also **State v. McLemore***, 574 S.W.3d 342, 345-46 (Mo. App. S.D. 2019) (same). Victim's testimony that Defendant "came up behind [her] and put his hands over [her] eyes and pulled [her] into him, and his erect penis went into [her] behind. [She] felt it through his clothes," permitted a reasonable fact-finder to find beyond a reasonable doubt that Defendant applied force to Victim's body.

The remaining question is whether a reasonable fact-finder could have found beyond a reasonable doubt that the force applied overcame reasonable resistance. "Reasonable resistance is that which is suitable under the circumstances." ***King***, 626 S.W.3d at 837 (internal quotation marks and citation omitted). The "force involved need not come after the victim has physically resisted," and "must be calculated to overcome the victim's resistance and complete the charged sexual act." ***McLemore***, 574 S.W.3d at 345, 346 (internal quotation marks and citations omitted). In making this determination, we do not look "to any single fact but to the totality of the circumstances" including "the relative ages of the victim and accused" and "the atmosphere and setting of the incident." ***Id.*** at 345 (internal quotation marks and citations omitted).

In circumstances in which the victim was sleeping when physical force was applied, our Supreme Court stated:

> Reasonable resistance is determined by the totality of the circumstances. One circumstance relevant here is that the victim was asleep. Where the victim is incapable, due to being in an unconscious or sleeping state, of resisting a sexual assault, the inability to resist does not inure to the benefit of the accused. Rather, it is an additional factor taken into account in determining if the accused overcame reasonable resistance. The reasonable resistance expected of an unconscious or sleeping person is extremely low and is all the more easily overcome by a sexual assailant.

*Niederstadt*, 66 S.W.3d at 16; *see also* **King**, 626 S.W.3d at 834, 835, 837-38 (applying these principles to the forcible rape and sodomization of a victim who was unconscious due to voluntary intoxication).

In this case, by intentionally approaching Victim from behind while she was unaware of his approach and while she was standing in front of "store shelving" that prevented her from moving forward, and then placing his hands over Victim's eyes while simultaneously pulling Victim into him, touching his genitals to her body, Defendant gave Victim no opportunity to reasonably resist until after the offense was completed. Victim then "immediately" "turned around to look" and "swatted" at Defendant, terminating Defendant's conduct. Defendant's actions "[s]cared" Victim. She did not know him. Further, Defendant was significantly older and larger than Victim, and had made Victim uncomfortable by following her closely in the store before approaching her from behind and touching her with his erect penis through clothes. In this situation, a reasonable fact-finder could have found beyond a reasonable doubt that Victim's resistance was "suitable under the circumstances" and was all the resistance Victim reasonably was capable of doing after being approached from behind with shelving in front of her that prevented her from moving forward away from Defendant while Defendant covered her eyes and pressed his genitals into her body, and that the force Defendant applied to Victim's body was calculated to overcome Victim's resistance and complete Defendant's sexual contact with Victim.

There was sufficient evidence to permit a reasonable fact-finder to conclude beyond a reasonable doubt that Defendant touched Victim with Defendant's genitals through clothes by the use of forcible compulsion. While this Court finds no merit in

Defendant's claims on appeal requiring reversal, this Court finds the trial court plainly erred by proceeding to a bench trial without obtaining Defendant's free, voluntary, and intelligent waiver of his right to trial by jury in accordance with Rule 27.01. The trial court's judgment is reversed, and the case is remanded for a new trial.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

GARY W. LYNCH, S.J. – CONCURS