

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38138
)
CHRISTOPHER B. SHULTZ, ) **Filed: August 13, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable R. Zac Horack

**<u>AFFIRMED</u>**

After a jury trial, Christopher B. Shultz ("Defendant") was convicted of

harassment, stalking, and tampering with a victim.[1]  Defendant challenges his convictions

in four points on appeal, three of which request plain-error review.  Because his

conviction of tampering with a victim was supported by sufficient evidence, and

---

[1] The jury found Defendant not-guilty of first-degree stalking (*see* section 565.225) and guilty of one count of second-degree stalking (*see* section 565.227).  The jury also found Defendant guilty of four counts of first-degree harassment (*see* section 565.090) and one count of tampering with a victim (*see* section 575.270).  The offenses occurred after Defendant's victim ("Victim") ended her romantic relationship with Defendant.  Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

Defendant has failed to demonstrate any facial-showing of manifest injustice on his other claims, we affirm the judgment of the circuit court.

**Analysis**

*Point 1 – Sufficiency of the Evidence*

Defendant's first point claims the evidence adduced at trial was insufficient to support his conviction for tampering with a victim under section 575.270.1(2), which provides, in pertinent part, that a person commits the offense if:

> He or she purposely prevents or dissuades *or attempts to prevent or dissuade* any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:
>
> (a) Making any report of such victimization to any peace officer, state, local or federal law enforcement officer, prosecuting agency, or judge [(emphasis added).]

Specifically, Defendant claims "the evidence failed to establish that, between August 18 and August 25, 2021, [Defendant] 'prevented or dissuaded' [Victim] from making a report of harassment, since she actually did so on August 21, 2021, and although the State could have amended the charge to attempted tampering, it did not."

The State asserts in its brief that Defendant's "claim is really one of a variance between the charge and the evidence[,] to which [Defendant] is not entitled to reversal because the variance was neither material nor prejudicial."

We presume that the State raises the issue of variance because its amended information omitted the statutory language of "or *attempts* to prevent or dissuade [(emphasis added),]" charging, instead, only that Defendant:

> in violation of Section 575.270 RSMo, committed the Class D Felony of Tampering with a Victim, punishable upon conviction under Sections 558.002 and 558.011 RSMo, in that between August 18, 2021 and August

2

25, 2021 . . . [D]efendant purposely *prevented or dissuaded* [Victim] . . . from making any report of Harassment to any peace officer, law enforcement officer, prosecuting attorney, or judge [(emphasis added)].

In addressing Defendant's assertion that there was a failure of proof by the State, we look to **State v. Bradshaw**, 411 S.W.3d 399 (Mo. App. S.D. 2013).

In **Bradshaw**, the defendant's sole point on appeal claimed the evidence was insufficient to support his convictions for three counts of kidnapping. **Id.** at 402. His precise claim of insufficiency was that the "State's amended information charged the crimes of kidnapping were committed for the purpose of facilitating first-degree murder whereas the judge found Defendant guilty of second-degree murder as charged." **Id.** Effectively, the defendant's claim was that the "State failed to prove the precise details alleged in support of the kidnapping counts." **Id.** at 403. We rejected that argument and held that "so long as the act proven falls within the statutory definition[,] and the charging document informs the accused of that charge, inclusion of details of the commission of the offense is mere surplusage." **Id.**

Here, as in **Bradshaw**, the substance of Defendant's argument is that the evidence was "insufficient" because the State did not prove exactly what was contained in the amended information and the verdict-directing instruction submitted to the jury. In offering that argument, Defendant concedes that his conduct met the requirements of section 575.270 by admitting to unsuccessfully attempting to prevent or dissuade Victim from reporting Defendant's harassment to the authorities.

"Section 575.270 criminalizes both the attempt and completed crime of victim tampering." **State v. Peeples**, 288 S.W.3d 767, 776 (Mo. App. E.D. 2009). As our

3

supreme court explained in *State v. Withrow*, section 575.270 is one of several similar statutes

> where attempting the specified crime carries the same punishment as the completed crime. The use of the word "attempt" in these various statutes is not an expression of legislative intent to create two levels of attempt to commit an offense. Rather, the use is a signal that in those prosecutions under those particular statutes the maximum punishment was . . . intended to be greater than that specified in the general inchoate offense statute.

8 S.W.3d 75, 79 (Mo. banc 1999) (internal footnote omitted). As a result, we need not address whether the State adduced sufficient evidence to prove that Defendant successfully "prevented or dissuaded" Victim on the 18th, 19th, or 20th of August until she actually reported Defendant's actions to the authorities on the 21st.

Defendant did not claim that the absence of the attempt language in the amended information and jury instruction constituted a material variance that negatively affected his defense strategy, and his claim that the evidence adduced at trial was insufficient to prove that he had committed the crime of tampering with a victim has no merit.[2] Point 1 fails.

*Points 2, 3 and 4 – Asserting Plain Error*

Defendant's remaining three points request plain-error review under Rule 30.20.[3] "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo.

---

[2] *See* *Bradshaw*, 411 S.W.3d at 403 ("In reality, [d]efendant is simply attempting to cast his unpreserved claim of variance as a claim of insufficient evidence").

[3] All rule references are to Missouri Court Rules (2024).

banc 2017)). "The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review." *Id.* (quoting *State v. Nathan*, 404 S.W.3d 253, 269 (Mo. banc 2013)).

<u>Point 2 – The Erroneous Jury Instruction</u>

Defendant's second point contends the circuit court plainly erred in submitting the verdict-directing jury instruction regarding the tampering with a victim charge because the definition of harassment contained therein was not a verbatim recitation of the statutory elements of first-degree harassment as called for in the Missouri Approved Instructions ("MAI").[4] Instead, the State used the specific factual allegations set forth in the verdict-directing instruction submitted on one of the four harassment charges against Defendant.

"[P]lain errors are those which are 'evident, obvious, and clear.'" *State v. Baumruk*, 280 S.W.3d 600, 608 (Mo. banc 2009) (internal citation omitted). "But even if the instructional error is evident, obvious and clear, the defendant must 'demonstrate that the trial court so misdirected or failed to instruct the jury as to cause manifest injustice or . . . miscarriage of justice.'" *Brandolese*, 601 S.W.3d at 531 (quoting *State v. Cooper*, 215 S.W.3d 123, 125 (Mo. banc 2007)).

"A person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such person to suffer emotional distress." Section 565.090.1. Instead of using that statutory definition, the State defined harassment

---

[4] Unless otherwise indicated, all references to the MAI are to the Missouri Approved Instructions – Criminal (4th ed.).

5

as follows by citing the following specific conduct set forth in one of its four first-degree harassment charges:

> As used in this instruction, [h]arassment is defined as follows: First, that on or between August 18, 2021 and August 27, 2021, in the County of Scott, State of Missouri, [Defendant] sent [Victim] letters, text messages and flowers, and Second, [D]efendant did so with the purpose to cause emotional distress to [Victim], and Third, that [D]efendant acted without good cause, and Fourth, that as a result, [Victim] suffered emotional distress.

Because the jury found Defendant guilty beyond a reasonable doubt on all four harassment charges, and Defendant does not challenge the verdict-directing instructions used on those counts, no facial showing of manifest injustice appears, and we accordingly decline to review Point 2 for plain error. *See State v. Hudson*, 574 S.W.3d 796, 805 (Mo. App. W.D. 2019) ("[A]n appellate court will be more inclined to reverse judgments where the erroneous instruction did not merely allow a wrong word or some other ambiguity to exist, but excused the State from its burden of proof on a contested element of the crime") (internal citation omitted).

### Points 3 and 4 – Challenging the Preliminary Hearing

We address Defendant's third and fourth points together. Point 3 claims the circuit court plainly erred in permitting Defendant to attend his preliminary hearing via video because Defendant did not waive his right to be physically present. Point 4 claims the circuit court plainly erred in eventually cutting-off Defendant's video connection based upon Defendant's ongoing disruptive behavior during that hearing.[5]

---

[5] Defense counsel was present in the courtroom and continued to represent Defendant throughout the entire preliminary hearing.

"To establish manifest injustice or a miscarriage of justice, the defendant must show outcome-determinative error." ***State v. Greer***, 674 S.W.3d 827, 832 (Mo. App. S.D. 2023). Defendant's failure to demonstrate that the outcome of his trial turned upon his partial absence from his preliminary hearing is fatal. Accordingly, we also decline to review Defendant's third and fourth points for plain error and affirm the presumed-correct judgment of the circuit court.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS

7